# Hatcher & Wife *v.* Dillard's Adm'rs.

*Bill in Equity by Distributees, for Settlement of Administration.*

1. *Appointment of guardian ad litem for minor distributee.*—On the final settlement of an administrator's accounts, there is no necessity for appointing a guardian *ad litem* for a minor distributee, when his regular guardian is present and representing him.

2. *Probate decree on final settlement of administrator's accounts; conclusiveness of.*—A decree rendered by the Probate Court, on the final settlement of an administrator's accounts, is as valid and conclusive as a decree in equity under a bill for an account, except so far as the statute (Code, §§ 3837–39) authorizes a court of equity to correct errors of law or of fact.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 22d December, 1876, by Archer W. Hatcher and his wife, Mrs. Mary Hatcher, who was a daughter of Edward H. Dillard, deceased, against William R. Larkin and John V. Gross, as the administrators of the estate of said Dillard, and against the other heirs and distributees

of the estate ; and sought a final settlement of the accounts of said administrators, and to set aside, on allegations of fraud and mistake, a final settlement which had been rendered by the Probate Court of said county, on the 17th June, 1872. It appears from the allegations of the bill, and the exhibits thereto, that said Edward H. Dillard died in said county, where he resided, some time during the year 1856; that he died intestate, leaving his widow and four daughters, as his only heirs and distributees, and leaving property, real and personal, and outstanding debts due him, of value more than $30,000; that letters of administration on his estate were granted by the Probate Court of said county, on the 15th January, 1857, to said Larkin and Gross, who took possession of the property, rendered an inventory, sold personal property under orders of the court, and collected outstanding debts ; that they made an annual (or partial) settlement of their administration some time during the year 1861, and another in July, 1866, and what purported to be a final settlement on the 17th June, 1872, a copy of which was made an exhibit to the bill. As to this last settlement, the bill contained the following allegations : "Said administrators have never made a fair, full and just settlement of their administration of said estate. It is true that on the 17th June, 1872, they made in said Probate Court what purports to be a final settlement of their said administration, a copy of which is hereunto annexed," &c. ; "but complainants insist that said decree is void, because said account, on which said decree was rendered, is fraudulently erroneous, in this: that said administrators purposely omitted to charge themselves therein with said cash on hand, said proceeds of sales of property, and said collections on solvent notes and credits included in said inventory, hereinbefore alleged to have been received by them, and with which they knew they were justly chargeable ; and because said account, so decreed as a final settlement, was based on the pretense that a fair and correct annual settlement of their said administration had been made by them in said court on the 16th July, 1866, when, in fact, the account stated for said annual settlement was fraudulently erroneous in failing to charge said administrators with said cash on hand," &c., "when said administrators knew that they were justly chargeable with said sums. Your oratrix [Mrs. Mary Hatcher] was born on the 28th December, 1853; and she and her sister, Mrs. Kate Lawler, were both infants at the date of said pretended settlement in June, 1872, and were not represented on said settlement by any guardian *ad litem ;* and neither your oratrix, nor her said sister, nor their guardian, nor their sister Elizabeth [McCutchen] or her husband, knew that in fact there had been no settlement in 1861, or 1866, until after said pretended final

settlement in 1872." "Complainants further allege that, in said settlement made on the 17th June, 1872, an error occurred to the injury of your oratrix, and without fault or neglect on her part, in that said administrators were not charged with $120.35, cash on hand," &c.; and there were similar allegations, as to other items.

The final settlement rendered in 1872, as shown by the exhibit to the bill, recites (*inter alia*) the appearance of George W. Lilly, " in person, in right of his wife, and as the guardian of Kate and Mollie Dillard, minors;" and, after reciting that it is shown to the satisfaction of the court "that George W. Lilly is the duly appointed guardian of said Kate and Mary Dillard," renders a decree in favor of each of the four distributees, against the administrators, for $1,165.31.

The chancellor sustained a demurrer to the bill, interposed by the administrators, on the following specific grounds: "8. The allegations of the bill, as to errors of law or fact occurring in said settlement, are general—the error is not clearly nor pointedly alleged, nor are the facts constituting said alleged fraud, mistake, or error of law or fact, set forth explicitly, or with precision, certainty, and definiteness. 9. The averments that complainant was without fault or neglect are general—the facts relied on, to acquit the complainant of fault or neglect, are not fully and explicitly stated; said bill does not show the diligence of complainant at said trial, nor that of any one on her behalf, to prevent the injury complained of; no reason is given why an appeal was not taken, and no reason shown why objections were not urged, or why, being urged, no bill of exceptions was taken, nor other diligence shown. 10. Said denial of knowledge of the former settlements of 1861 and 1866 coming to complainant or her guardian is general, and it appears from the bill that facts were known to her guardian which would have put a man of prudence on inquiry as to complainant's rights—the bill shows the knowledge denied."

The demurrer being sustained on these grounds, the complainants moved to amend their bill, by more specific allegations as to the particular items specified as errors, and by adding the following averments: "Said William R. Larkin is the maternal uncle of your oratrix; she and her sisters lived with him, from the death of their mother, in June, 1863, until the marriage of the oldest sister several years afterwards; and her guardian, said George G. Lilly, was in the employment of said W. R. Larkin, from October, 1866, to December 1, 1874. On account of the intimacy and relationship of the parties, and the belief that both of said administrators were sincere friends of the distributees, said guardian trusted to and relied on the representations of said administrators, as to the condition of said

estate, as true; and the amounts, maturity and credits of said notes, herein above specified, did not come to the knowledge of complainants, or of said guardian, until after January 1st, 1877." The chancellor held that these proposed amendments would not impart equity to the bill, and therefore refused to allow them.

The decree sustaining the demurrer to the bill, and the refusal to allow the proposed amendments, are now assigned as error.

CABANISS & WARD, for appellants.—In *Jones v. Fellows*, 58 Ala. 343, it was held sufficient that infants are represented, on settlements in the Probate Court, by their general guardian; and the case of *Smith v. Smith*, 21 Ala. 761, was cited as authority for the decision. But the statute construed in that case (Clay's Digest, 229, § 43) only required the appointment of a guardian *ad litem* "when necessary;" and these words having been omitted from the present statute (Code, § 2510; Rev. Code, § 2138), the omission shows a legislative intention that such guardian should be appointed in all cases. If *Jones v. Fellows* is approved and followed, it should only be to the extent of holding the decree not void, when the infant is represented by his general guardian, and not to the extent of concluding the infant by the negligence of his general guardian. *Morrow v. Allison*, 39 Ala. 70; *Meadows v. Edwards*, 46 Ala. 354. That the facts alleged in the bills, original and amended, show sufficient ground for equitable relief, see *Bailey v. Glover*, 21 Wallace, 347; *Mock's Heirs v. Steele*, 34 Ala. 198.

ROBINSON & BROWN, *contra*.

STONE, J.—When a minor distributee has a regularly appointed guardian, who is present, representing his ward, on the final settlement of the administrator, it is not necessary that the minor or infant should be represented by a guardian *ad litem*. Not only would the double representation be cumbrous, and possibly inharmonious, but it is to be presumed the regularly appointed guardian would more carefully guard the interests of his ward, than a guardian *ad litem* would.—*Jones v. Fellows*, 58 Ala. 343. No irregularity, save the above, has been charged to have occurred in the Probate Court settlement, which the present bill seeks to overhaul. No excuse the law can recognize has been offered, why the errors and omissions complained of were not raised in the Probate Court. "The final settlement of an administration in the Court of Probate, necessarily involves a final adjustment of the accounts of the administrator, charging him with all wherewith by law he is chargeable, and crediting him with all wherewith he should be

[Tedder v. Steele.]

credited. The decree rendered thereon is as valid, and of the same conclusive operation, as the decree of a court of equity, rendered on a bill seeking from him an account, except so far as the statute authorizes a court of equity to intervene for the correction of errors of law or of fact."—*Hutton v. Williams*, 60 Ala. 107; *Moore v. Lessueur*, 33 Ala. 237, 243; *Waring v. Lewis*, 53 Ala. 615; *Jones v. Fellows, supra; Glenn v. Billingslea*, 64 Ala. 345.

Neither the original, nor the amended bill, offers any sufficient excuse why the probate rulings complained of were not objected to and prevented in that court; and the decree of the chancellor must be affirmed.

BRICKELL, C. J., not sitting.