## Adams *v.* The State.

### *Murder.*

(Decided February 13, 1913. Rehearing denied March 17, 1913. 61 South. 352.)

1. *Criminal Law; Change of Venue; Local Prejudice.*—The facts considered and it is held that the trial court will not be reversed for denying a change of venue two months after the cause was reversed in the Supreme Court, twelve months after the trial in the trial court, and sixteen months after the commission of the homicide, especially where the state introduced affidavits tending to show that any prejudice which had existed had subsided before the application for the change of venue, and that a fair and impartial trial could reasonably be expected.

2. *Same.*—The defendant seeking a change of venue on account of local prejudice has the burden to show that a fair and impartial trial could not be reasonably expected at the time that the application is made, and this rule is not changed by section 7851, Code 1907, as amended by Acts 1909, p. 212.

3. *Witnesses; Examination and Cross; Defendant as Witness.*— Where a defendant appears voluntarily, is sworn and testifies as a witness, he is properly permitted to be cross-examined as any other witness.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

John Adams was convicted of murder in the first degree and he appeals. Affirmed.

TILLEY & ELMORE, for appellant. The application for a change of venue should have been granted under the showing made by defendant, and under the facts as they were shown to exist.—*Byers v. State,* 105 Ala. 31; *Salm v. State,* 89 Ala. 59; *Howard v. State,* 159 Ala. 39; *Seams v. State,* 84 Ala. 410; *Hawes v. State,* 88 Ala. 37; *Howard v. State,* 165 Ala. 18; *Terry v. State,* 120 Ala. 286; *Kelly v. State,* 160 Ala. 48. Counsel discuss the evidence, and insist that it does not make out a case of murder in the first degree.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Applications for change of venue are addressed largely to the discretion of the trial court, and will not be reviewed unless the court can see clearly that the trial court's action was wrong.—*McDaniel v. State,* 162 Ala. 25. The case presented is not strong enough to justify this court in reviewing the action of the trial court.—*Hussey v. State,* 87 Ala. 121; *Horn v. State,* 98 Ala. 28; *Jackson v. State,* 104 Ala. 1; *Daughdrill v. State,* 113 Ala. 7; *Terry v. State,* 120 Ala. 286, 290; *Thompson v. State,* 122 Ala. 12, 19; *Lide v. State,* 133 Ala. 43, 64. The State was properly permitted to cross-examine the defendant when he offered himself as a witness in his own behalf.—*Cotton v. State,* 87 Ala. 103; *Clark v. State,* 78 Ala. 474, 478; *Williams v. State,* 98 Ala. 52.

DE GRAFFENRIED, J.—This is the second appeal in this case. See *Adams v. State,* 175 Ala. 8, 57 South. 591.

(1) One of the contentions of the defendant is that the trial court committed reversible error in refusing to grant him a change of venue.

On October 6, 1910, the defendant, who is a negro, was convicted for the murder of a white man, who, at the time of his death, was a member of the police force of the city of Montgomery. The homicide was committed shortly before the finding of the indictment; and for some time after the homicide the newspapers of the city of Montgomery published articles which, for the purpose of this opinion, may be conceded to have been well calculated to damage the defendant in the estimation of the public and to create passion and prejudice against him. The sheriff, it seems, guarded the jail, and at one time, for the protection of the defendant, called out the state troops, who were in Montgomery.

The defendant was tried in March, 1911, and large numbers of people attended the trial. The defendant, at the trial, was found guilty of murder in the first degree, and was sentenced to death. At the conclusion of the trial the trial judge made the statement, in open court, that he was of the opinion that every one who had heard the trial believed that the defendant had received a fair trial, and that the verdict was a just one. This statement of the trial judge also found its way into the Montgomery papers, and is claimed by the defendant to have added to the alleged prevailing impression of his guilt.

The case was appealed to this court, and the judgment of the trial court was reversed by this court in January, 1912. This feature of the case was also commented upon, and in one of the papers it was stated that as soon as the above decision of this court was announced the sheriff took precautions against any possible effort that might be taken to take the negro from prison.

The motion for a change of venue was overruled on March 9, 1912, 16 months after the homicide, 12 months

[Adams v. The State.]

after the first trial, and 2 months after the above decision of this court was rendered in the cause.

There appears to have been great popular passion and prejudice against the defendant, certainly for a time after the commission of the homicide; but the defendant, to entitle himself to a change of venue, was required by the law to show to the trial judge, by his application and the evidence in support of it, that *when* he made. the application the situation in Montgomery county was such that he could not reasonably be expected to obtain a fair and an impartial trial.

The act approved August 26, 1909, entitled "An act to amend section 7851 of the Code of Alabama" (see Acts Special Session 1909, p. 212), provides that the refusal of an application for a change of venue may, "after final judgment, be reviewed and revised on appeal, and the Supreme Court shall reverse and remand or render such judgment on such application, as it may deem right, without any presumption in favor of the judgment or ruling of the lower court on said application."

This act, of course, emphasizes the legislative purpose to secure, if possible, a fair and an impartial trial for every one who is charged with the infraction of our criminal laws. It emphasizes the duty which rests upon trial courts and upon this court to see to it that infliction of criminal punishment shall be secured, not merely through the *forms* of law, but in accordance *with* the law. It does not, however, disturb the sound rule of law which declares that he who prays for a change of venue must reasonably satisfy the court that, at the time his application is acted upon, he is entitled to a change of venue.

The remarks of the trial judge to which we have above referred, made *12* months before the present application

was acted upon, and which remarks found their way into the newspapers, may have been unfortunate as tending to confirm in the popular mind a belief of the defendant's guilt. The newspaper reports of the action of this court in reversing the first judgment of conviction may also have revived among the members of the bar and the people of the county a discussion of the defendant's case, and may have caused a fear on the part of the sheriff that there might be a revival of popular animosity against the defendant. Montgomery county is a large and populous county, and it is the seat of a large city, the capital of the state. Human experience indicates that time tends to allay the passions and to destroy the prejudices of individuals, and the words "cooling time" have found a legal definition.

In the case of *Godau v. State,* 179 Ala. 27, 60 South. 908, we carefully considered the question now under discussion. The opinion in that case fully sets out our views as to the rules which should govern trial courts when applications for a change of venue in criminal cases are made, and also the rules which should govern an appellate court when an appeal is taken from the order of a trial court refusing to grant such an application. It is not necessary for us to here repeat these rules; but, under the rules announced by us in that case, we are of the opinion that the trial court is not shown by this record to have committed error in refusing to grant the defendant a change of venue. The trial court might, we think, reasonably have concluded that the true situation was shown by the affidavits which were introduced by the state, and which tended to show that any prejudice which, at any time, had existed against the prisoner had subsided before the application for a change of venue was made; and that the popular mind was not, at that time, so impressed with the fact

of the defendant's guilt as to render it reasonably apparent that the defendant could not be reasonably expected to obtain a fair and an impartial trial in Montgomery county.—*Godau v. State, supra.*

(2) In this case the defendant voluntarily appeared, was sworn, and testified as a witness. The court properly allowed him to be cross-examined by the solicitor. —*Clarke v. State,* 78 Ala. 474, 56 Am. Rep. 45.

We find presented by this record no matter, not already discussed, which is of sufficient merit to require discussion at our hands. The defendant has, through the entire history of his case, been represented by counsel who have ably and faithfully presented the facts of his case to this and to the trial court. The jury who tried the defendant, exercising the authority which the law conferred upon them, have said that the defendant shall suffer death. We find no error in this record, and can assign no legal reason why the judgment of the court below should not be executed.

Affirmed. All the Justices concur.

