(76 South. 920)

ALABAMA GREAT SOUTHERN R. CO. v. BELL. (6 Div. 573.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. CARRIERS ⬤═287(1) — PASSENGERS—NEGLIGENCE.

Where the crowded condition of a passageway adjacent to tracks at a station, and the platform, could have been seen a considerable distance, and a passenger, pushed forward by a crowd, was struck by the approaching train, the fact that the engineer, in approaching the station, propelled his train at a rate of speed of from 15 to 20 miles per hour, will support a finding for negligence.

2. CARRIERS ⬤═287(1)—PASSENGERS—NEGLIGENCE.

Where an engineer, proceeding through a populous city and approaching a populous station, kept no lookout to see whether passengers might be crowded so near the tracks as to be injured, negligence may be inferred from his failure, regardless of statute or ordinance.

3. CARRIERS ⬤═327—PASSENGERS—TRESPASSERS.

While one at a railroad station, waiting to take passage on a train, who voluntarily gets on the track or dangerously near thereto, without stopping, looking, or listening, is not only guilty of negligence, but may become a trespasser, a passenger, though she left the waiting room at the station and took her position on a passageway adjacent to the tracks, is not guilty

[1] 199 Ala. 28.

of negligence, where she was pushed by the crowd into a position of danger.

**4. CARRIERS ☞320(2) — PASSENGERS — JURY QUESTION.**

Whether plaintiff, who was struck by an approaching train on which she expected to take passage, was a passenger at the time of the accident, or whether she had forfeited her rights by taking position of danger, *held* for the jury.

**5. CARRIERS ☞287(1) — PASSENGER — NEGLIGENCE.**

Where it did not appear that a depot and passageway was ordinarily insufficient, or that railroad company had reasonable grounds for anticipating that there would be an extraordinary rush and collision between the passengers, whereby one in the front would be shoved or pushed on the track in front of an approaching train, the fact that a passenger was pushed into such a position of danger, and injured, does not establish negligence on the part of the company in failing to take precautions against crowding.

**6. CARRIERS ☞321(4)—PASSENGERS—ACTIONS —INSTRUCTIONS.**

Where plaintiff, injured when struck by a train on which she expected to take passage, asserted that, though she was pushed into a position of danger by the crowding of passengers, her injury resulted from the negligent operation of the train, a requested charge that, if plaintiff was struck as the sole and proximate result of being forced too close to the track by the misconduct of another passenger, verdict should be for defendant, was improperly refused; it not appearing that the railroad company was negligent in failing to take precautions with respect to crowding.

**7. CARRIERS ☞347(3) — PASSENGERS — JURY QUESTION.**

Whether plaintiff, struck by an approaching train on which she expected to take passage, was guilty of negligence in going upon or in dangerous proximity to the tracks, *held* for the jury.

**8. EVIDENCE ☞194 — EXHIBITS—PROPRIETY.**

In a personal injury action, where the fact of injury was uncontroverted, admission in evidence of clothes worn by plaintiff at the time of the accident was improper, tending to arouse the prejudice of the jurors.

**9. CARRIERS ☞317(1) — PASSENGERS — EVIDENCE.**

In an action by one injured at a station by an approaching train on which she intended to take passage, testimony that the witness saw blood on the tracks early the next morning after the accident was admissible, in the absence of evidence showing changed conditions, to show the exact point where the collision occurred, and how far the passenger was carried after being struck.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Ella P. Bell against the Alabama Great Southern Railroad Company for damages for injury sustained while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1, after stating plaintiff was a passenger, waiting at defendant's regular passenger station in the city of Bessemer to take the incoming train, which was then about due at said station, alleges that defendant then and there negligently ran said train violently against plaintiff, and as a proximate result thereof, and of defendant's said negligence, plaintiff suffered the inju-ries complained of. Count 2 ascribes the injury to the negligence of defendant in this:

That said passageway, where plaintiff was, was provided and maintained by defendant at such depot for passengers to pass along in going to take passage on the train at the depot, and said passageway, at the point of said injury, was in dangerous proximity to defendant's train coming into said depot, and too narrow to safely accommodate the passage of passengers along the same when there was a large number of passengers taking passage on a train, as was the case at the time of plaintiff's injuries as aforesaid, and defendant negligently failed to exercise due care and skill to make said passageway safe and suitable for the passage of plaintiff as such passenger on the occasion aforesaid, thereby proximately causing the injuries to plaintiff.

The facts sufficiently appear.

The following charges were refused to defendant:

(10) If you believe, from all the evidence in this case, that plaintiff was struck by defendant's train as the sole and proximate result of being forced too close to defendant's track by the misconduct of other passengers at defendant's depot engaged at the time in taking passage upon its train, you must find a verdict for defendant.

(13) I charge you that you cannot find any verdict in this case for or on account of and as the proximate consequence of the rate of speed at which defendant's engine was running at the time plaintiff was discovered in dangerous proximity to the track by defendant's engineer, if she was discovered in such position.

(15) The court charges you that plaintiff was guilty of negligence in going upon, or in dangerous proximity to, the track of defendant.

A. G. & E. D. Smith, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

ANDERSON, C. J. [1, 2] This cause was submitted to the jury on counts 1 and 2. Count 1 charges the injury of the plaintiff to the negligence of the defendant's servants in the operation of one of its trains which ran over or against her. It was open for the jury to find that the engineer in charge was guilty of negligence as to the speed at which the train was going when approaching the depot, and at the time said train collided with plaintiff, and that said negligence was the proximate cause of the injury. There was proof that the train was approaching at a rate of speed of from 15 to 20 miles an hour, that the passageway at the station was "bulging" and crowded, and that this condition could have been seen a considerable distance, had the engineer kept a lookout; and, if he saw these conditions, it was open to the jury to find that he should have at least slowed up to a greater extent than he did, so as to have his train under better control when reaching the point where the plaintiff was injured. Or, if he did not keep a lookout, he may have been guilty of negligence in not doing so at the place in question—that is, when going through the city of Bessemer and in approaching a populous station; and the jury could have in-

ferred initial negligence from this conduct, independent of any statute or ordinance. E. T. V. & Ga. R. R. Co. v. Deaver, 79 Ala. 216; L. & N. R. R. Co. v. Webb, 97 Ala. 311, 12 South. 374; Perdue v. L. & N. R. R. Co., 100 Ala. 539, 14 South. 366. It may therefore be conceded that the engineer did not discover the actual danger of the plaintiff until he says he did, and that he did all things known to skillful engineers to avoid injuring her after so discovering her peril, and that he was not, therefore guilty of subsequent negligence, yet there was enough evidence to take the case to the jury as to simple initial negligence. The jury could not only have inferred that the engineer was guilty of negligence as to the rate of speed, but that such negligence was the proximate cause of the injury; that, had the train been approaching at a lower and proper speed, it would have been under better control when the engineer did see the plaintiff, and he could have either stopped or so slowed it as to avoid injuring the plaintiff; or that, if the train was going slower at the time, the witness Thomas who attempted to get the plaintiff out of danger, would have had time to have done so.

[3, 4] We think that it was also a question for the jury as to whether or not the plaintiff was a passenger at the place and time of injury, and whether or not she was guilty of contributory negligence. She knew of the approach of the train, or, if she did not, and voluntarily got upon the track or dangerously near thereto without stopping, looking, and listening, she was not only guilty of negligence, but may have become a trespasser for the time being, notwithstanding she was, in fact, a passenger. But there was proof that she did not get within the zone of danger through any voluntary act of her own; that she was crowded or pushed too near the track by the rush and collision of the crowd upon the approach of the train; and, if this was true, she did not lose her relationship of passenger, so as to become a trespasser, and was not guilty of contributory negligence. Neither was she guilty of negligence, as matter of law, in not remaining seated in the waiting room until the train got in and stopped, or in going out to the passageway for the purpose of boarding the train before it arrived and stopped. The trial court did not err in refusing the defendant's requested general charge as to count 1.

[5] Count 2 is evidently predicated upon negligence in regard to the station, or as to the handling of the crowd upon the occasion in question, and is so worded as to render a correct interpretation of same rather difficult. While it charges that the depot was near the track, and the passageway was so narrow as to place persons using same in dangerous proximity to the trains when there was a large number of passengers, as was the case upon the occasion in question, this is no averment of a defect or inadequacy of the depot and passageway generally, or that it was inherently dangerous under ordinary conditions; but, if it did, the proof did not support such an averment. The count after stating the conditions above alluded to, charges that the proximate negligence consisted of a failure to "exercise due care and skill to make said passageway safe and suitable for the passage of plaintiff, as such passenger on the occasion aforesaid." In other words, the complaint seems to charge negligence only upon this particular occasion in not making special provision for the safety of this plaintiff, by either extending or enlarging its passageway in anticipation of a crowd, or to make the said passageway safe upon the occasion in question by so controlling or handling the waiting passengers as to render the passageway safe. There is no proof that conditions were so abnormal as to require special action of the defendant's servants upon the occasion in question, or that they had reasonable grounds for anticipating or foreseeing that there would be a rush and collision between the passengers, whereby the plaintiff would be shoved or pushed upon the track, so as to render them guilty of negligence for this unforeseen and unexpected collision. From aught that appears, the depot was adequate and the passageway safe for the general and ordinary accommodation and handling of passengers, and there is no proof that the occasion in question was of such an extraordinary character as to call for extra cautionary measures on the part of the defendant's servants. Indeed, if the plaintiff was shoved into a place of danger, it was due to the unanticipated and unforeseen collision between the passengers—a mere accidental occurrence, not due to neglect of the defendant's servants, or to any unsafe or inadequate condition of the depot and passageway for the general and ordinary accommodation of passengers. The trial court erred in refusing the defendant's requested general charge as to count 2.

[6] The trial court should have given the defendant's charge on page 19 of the record, which we number 10. If the plaintiff was struck as the sole and proximate result of being forced too near the track by other passengers, this would exclude any negligence in the operation of the train; for, if her being pushed there was the sole proximate cause of injury, then negligence on the part of the engineer could not have caused or contributed to the injury.

[7] There was no error in refusing defendant's charge, numbered 13 on page 19 of the record, and the reason therefor is fully given in the discussion of the refusal of the general charge as to count 1. So, also, was charge 15, page 20 of the record, properly refused, as it

was a question for the jury as to whether or not the plaintiff was guilty of negligence in going upon or in dangerous proximity to the track.

[8] The trial court erred in permitting the plaintiff to introduce her cloak and shoes in evidence. They had no bearing upon the controverted issues, and only tended to inflame or prejudice the jury. The only possible bearing that they could have had was to possibly show that she had been injured, which fact was uncontroverted, as well as the nature and extent of her injuries. Rollins v. State, 160 Ala. 82, 49 South. 329; Pearson's Case, 97 Ala. 219, 12 South. 176.

[9] We are not prepared to say that the trial court committed reversible error in permitting the witness Parsons to testify where he saw blood upon the track early the next morning after the accident at the place where the plaintiff was injured. The examination by him was so soon after the injury as to authorize an inference that conditions had not changed, in the absence of evidence showing a change, and the location of the blood had a bearing upon the exact point where the plaintiff was struck, or how far she was knocked, and upon the rate of speed the train was going when it hit her.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.