(79 South. 393)

SEABOARD AIR LINE RY. CO. v. PEMBERTON. (7 Div. 973.)

(Supreme Court of Alabama. June 27, 1918.)

1. APPEAL AND ERROR ⬅➡500(2)—ABSENCE OF RULING BY COURT BELOW.

Where the record discloses no ruling upon demurrers interposed to the complaint, the sufficiency of the complaint will not be determined.

2. TRIAL ⬅➡251(8)—INSTRUCTIONS—ISSUES.

Instructions requested by defendant, attempting to inject negligence on the part of plaintiff, which had not been pleaded, were properly refused.

3. TRIAL ⬅➡260(8)—REQUESTED INSTRUCTIONS —INSTRUCTIONS GIVEN.

In personal injury case, defendant had the full benefit of requested charges to find for defendant unless its negligence, and not something else, was the cause of the injury, where the court orally charged in effect that defendant's negligence must have caused the injury, before it would be liable to plaintiff.

4. CARRIERS ⬅➡321(5)—INJURY AT STATION— INSTRUCTIONS.

In action for injury to passenger, stumbling over step in going to train, because railroad failed to provide lights at depot, defendant's requested charge that, if the station and appurtenances were constructed and maintained with ordinary care, plaintiff could not recover, was properly refused, as misleading in the use of the word "maintain."

5. TRIAL ⬅➡253(1)—INSTRUCTIONS—IGNORING ISSUES.

A requested charge, ignoring a count of the complaint, is properly refused.

6. APPEAL AND ERROR ⬅➡695(3)—REVIEW— OMISSION OF EXHIBITS.

In action for injury to passenger, stumbling over steps in going to train, the Supreme Court could not say, as a matter of law, that the steps were not negligently erected, where counsel referred to photographs of the scene, which were examined by the trial court and jury, but which were not before the Supreme Court.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by A. L. Pemberton against the Seaboard Air Line Railway Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The first count of the complaint charges that plaintiff was a passenger, and in going to the train, to get on it, he stumbled over some steps, leading up to a freight house, and was injured; that the railroad failed to provide lights on the outside of the depot for the accommodation of passengers, and as a proximate result of the failure to do this plaintiff was injured. The second count sets out the same state of facts, and avers that the railroad negligently allowed the steps to be and remain near the tracks of defendant, and as a result thereof plaintiff was injured as above set out.

The following are the charges embraced in the assignments of error:

(4) If you believe from the evidence that plaintiff on the occasion complained of negligently walked over, upon, or against the steps over which he fell, if you find he did so fall, and if you further believe from the evidence that plaintiff could have avoided falling over said steps in the exercise of reasonable care, and if you further believe from the evidence that plaintiff's injuries were the sole proximate consequence of falling over said steps, then your verdict must be for defendant.

(5) If you believe from the evidence that plaintiff on the occasion complained of failed to keep a lookout in leaving the door of the waiting room, and negligently walked over, upon, or against the steps leading from the freight room, and fell on same and injured himself, as claimed, and if you further believe from the evidence that as the sole proximate consequence of plaintiff's said negligence, if you find he was so negligent, he received the injuries complained of, then he cannot recover.

(6) If you believe from the evidence that plaintiff was injured as the sole proximate consequence of his own negligence in carelessly running into or against a step and falling on same, if you believe from the evidence he did so, then your verdict must be for defendant.

(7) If you believe from the evidence that the railroad station and appurtenances at Wellington were constructed and maintained with ordinary care on the occasion complained of, and prior thereto, then plaintiff cannot recover in this case.

(8) If you believe from the evidence that the railroad station at Wellington, on the occasion complained of, was reasonably well lighted, with due care, under the circumstances of this particular case, then plaintiff cannot recover.

(9) I charge you that it is not negligence, as a matter of law, for defendant to fail to provide a light on the platform or steps leading to the freight room, if you believe from the evidence that such light was not provided.

(10) It was plaintiff's duty to use ordinary care in walking in and about the railway station of defendant on the occasion complained of.

Embry & Embry, of Ashville, and Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellant. S. W. Tate, of Anniston, for appellee.

ANDERSON, C. J. [1] Without determining the sufficiency of the complaint, it is sufficient to say that the record discloses no ruling upon the demurrers interposed thereto.

[2, 3] The charges embraced in assignments of error 4, 5, and 6 attempted to inject negligence on the part of the plaintiff, which had not been pleaded, and are unlike the charge held good in the case of A. G. S. R. R. Co. v. Bell, 76 South. 920.[1] Moreover, if by the use of the word "sole" cause it was not intended to invoke the doctrine of contributory negligence, but to request a finding for the defendant unless its negligence, and not something else, was the cause of the injury, the defendant got the full benefit of said charges under

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 562.

the oral charge of the court, as the court, in effect, charged the jury that the defendant's negligence must have caused the injury before it would be liable to the plaintiff.

[4] There was no error in refusing the charge made the basis of appellant's seventh assignment of error. If not otherwise bad, it was at least misleading, as the jury could infer therefrom that, if the station and appurtenances were constructed and maintained with ordinary care, they must find for the defendant. True, the word "maintain" is one of broad meaning; but the average jury might not take it as including the proper lighting of the premises. Moreover, this charge ignores count 1 of the complaint, to which no demurrer was sustained.

[5] The charge made the basis of the eighth assignment of error ignores count 2 of the complaint, and for reasons hereinafter brought out the defendant was not entitled to the general charge as to said count 2.

There was no error in refusing the defendant's requested charge, dealt with in the ninth assignment of error. It might not be negligence for the defendant to have failed to provide a light on the platform, or steps leading to the freight room, if the point was sufficiently lighted from another point or place; but it would doubtless be negligence to fail to provide a light at the place hypothesized, if not sufficiently lighted from another point or place.

The charge embraced in assignment of error 10, if not otherwise faulty, seeks to define plaintiff's conduct and duty, which was not made an issue in the case.

[6] There was no error in refusing the general affirmative charge as to count 2. We cannot, as matter of law, say that the steps were not negligently erected, as the trial court and jury had evidence not available to us. They examined photographs of the scene, and counsel has referred to same; but they are not before this court. Dancy v. Ratliff, 201 Ala. 162, 77 South. 688.

There was no error in overruling the motion for a new trial. The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.