(82 South. 113)

TERRY v. STATE.   (8 Div. 150.)

(Supreme Court of Alabama.   April 10, 1919. Rehearing Denied May 22, 1919.)

1. CRIMINAL LAW ⬤⟿1169(3) — REVIEW — HARMLESS ERROR—EVIDENCE.

Admission of a confession that defendant shot deceased, if error, is harmless, where the shooting was admitted by defendant on the stand.

2. CRIMINAL LAW ⬤⟿404(4)—EVIDENCE—ADMISSIBILITY—CLOTHING WORN BY DECEASED.

In a homicide case wherein defendant was charged with shooting deceased, the clothing worn by deceased at the time he was shot was admissible to show the character of the wounds, position and distance of the parties, and number of shots fired.

3. CRIMINAL LAW ⬤⟿670—EVIDENCE—MATERIALITY AND RELEVANCY.

In a homicide case it was not error to exclude a question to defendant's wife, "I will ask you if, when he [defendant] left home, he told you where he was going;" the materiality or relevancy of the question or its answer not appearing.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

J. T. Terry was convicted of an offense, and he appeals. Affirmed.

A. H. ·Carmichael, of Tuscumbia, W. L. Chenault, of Russellville, and Goodwyn & Ross, of Bessemer, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

ANDERSON, C. J.   [1] There was no error in permitting proof of the defendant's confession that he shot the deceased, as a sufficient predicate was laid for same. Moreover, if such was not the case, there could have been no reversible error in this respect. There was no affirmative answer by nod or otherwise as to whether or not he shot Dr. Hughes first. He did nod his head when asked if he shot Dr. Hughes, and as to this fact there was no dispute, as the .

defendant admitted when on the stand as a witness that he shot him.

[2] There was no error in permitting the state to introduce the clothing worn by the deceased at the time he was shot, as an inspection of same by the jury may have disclosed the nature and character of the wounds and explained or elucidated the position of the parties, the number of shots fired, the distance they were from each other, etc. Kuykendall v. Edmondson, 77 South. 24;[1] Rollings Case, 160 Ala. 82, 49 South. 329. When the clothing was introduced, the witness R. W. Creighton was the only one who had so far testified as to the nature and character of the wounds, and his testimony was not altogether definite and positive as to the location of same. He said, "It has been so long ago that I have almost forgotten," and the clothing had a tendency to at least corroborate, explain, or elucidate his testimony. The Rollings Case, supra, sanctions the admission of the clothing in question, as the opinion says:

"The wearing apparel of deceased, showing the location of the bullets, the character and nature of the wound, the blood stains, etc., were properly admissible under the rules stated above, and it is no reason to exclude them that these matters might be shown by other evidence, or that these objects might prejudice the jurors."

From aught that appears from this record, the clothing introduced may have shown blood stains, bullet holes, etc., tending to assist the jury in considering the pertinent issues in the case. True, the Rollings Case does hold that articles which can shed no light upon the question involved should not be admitted.

The case of A. G. S. R. R. v. Bell, 76 South. 920,[2] was a personal injury case where the plaintiff was run over or against by a train, and the clothing and shoes did not and could not shed any light on any controverted issue. Here, while counsel stated that the injuries and wounds were undisputed, yet this admission did not entirely supply the clothing in question or prevent the inspection of same from being of some benefit to the jury in considering the controvertible issues in the case.

In the Pearson Case, 97 Ala. 219, 12 South. 176, there was nothing to indicate that the shoe worn by the deceased shed any light

upon the issues in the case, and which was not a shooting case.

[3] The trial court cannot be put in error for sustaining the state's objection to the question to the defendant's wife, "I will ask you if, when he left home, he told you where he was going." Conceding that such a question may have been a part of the res gestæ, yet there is nothing in the question itself or in the statement as to what the answer would be to show the materiality or relevancy of same. He may have told her he was going hunting or riding with Dr. Hughes—the very thing the undisputed evidence shows that he did do. Phillips v. State, 162 Ala. 23, 50 South. 194; Ross v. State, 139 Ala. 144, 36 South. 718. In the case of Central of Ga. v. Bell, 187 Ala. 541, 65 South. 835, the question and answer disclosed the relevancy of the evidence as to where the plaintiff was going, and tended to show that he boarded the train as a passenger or with the intention of becoming a passenger. The question and answer were there disclosed, and this court declined to reverse the trial court, holding that the evidence was material and competent. Here there is nothing to indicate the materiality of the question or what the answer would be, and upon the present disclosure of the record we cannot put the trial court in error in sustaining the objection to the question.

The question in the case of Davis v. State, 188 Ala. 59, 66 South. 67, disclosed its relevancy, whether or not the defendant said he was going to the store to settle his account. The majority of the court held this to be a part of the res gestæ, and the fact that he went to settle his account at the store would indicate that he did not go to the store for the purpose of renewing or starting a difficulty.

The defendant's refused charges were either faulty or covered by given instructions.

While we have discussed only the questions argued in brief, we have not omitted our statutory duty of examining and considering every ruling as disclosed by the record, and it is sufficient to say that this record discloses no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

[1] 200 Ala. 650.          [2] 200 Ala. 562.