(93 South. 465)

## CRENSHAW v. STATE. (3 Div. 513.)

(Supreme Court of Alabama. May 4, 1922.)

Criminal law &⟶404(4)—Admission of defendant's torn trousers, which was not relevant to issues, held error.

The admission in evidence of torn trousers owned by defendant, but not worn by him at the time of, or shedding any light on, the homicide, *held* error.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Jake Crenshaw was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Beddow & Oberdorfer and Roderick Beddow, all of Birmingham, for appellant.

It was prejudicial error to allow the state to introduce in evidence part of defendant's clothing not shown to have been worn by defendant at the time of the act alleged, or otherwise connected with the case, or tending to prove any fact in the case.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error of prejudice to defendant in the introduction of the pair of trousers belonging to the defendant, in which there was a hole at the knee.

PER CURIAM. Appellant was convicted of the murder of Mrs. Laura Gafford, and his punishment fixed at death.

This is the second appeal in this cause. Crenshaw v. State, 205 Ala. 256, 87 South. 328. Upon the former appeal it was held that the trial court will not be reversed in holding that Camie Cheatham, a negro girl 6 or 8 years of age, was competent to testify, in view of her voir dire examination. The court is of the opinion that the testimony upon this question is not so materially different upon this appeal as to justify a contrary conclusion. This observation applies also to the admissibility of statements alleged to have been made to Officers Tyler and Robins, and the decision upon the former appeal determines that question likewise adversely to appellant's contention.

The affidavits offered by the state and defendant upon the hearing of the motion for a change of venue have been examined. A discussion thereof would serve no useful purpose, as the conclusion has been reached by the court that reversible error was not shown in overruling this motion. Godau v. State, 179 Ala. 27, 60 South. 908; Adams v. State, 181 Ala. 58, 61 South. 352; McClain v. State, 182 Ala. 67, 62 South. 241.

The deceased was killed on Sunday, May 16, 1920, some time after 2 p. m., at her residence on a plantation in Butler county. She was more than 50 years of age. The defendant is a negro, and at the time of the commission of this offense was about 18 years of age. The evidence against him—aside from certain statements, some of which are above referred to—was purely circumstantial. The most damaging proof against defendant was that furnished by the evidence of the negro girl, Camie Cheatham, whose competency as a witness was under discussion upon the former appeal. The defendant left Greenville for Birmingham on the early morning train of Monday, following the murder of Mrs. Gafford on the Sunday afternoon preceding. As noted upon the former appeal, the evidence of the prosecution relating to this circumstance bore the implication of flight, and it was upon the admissibility of evidence in explanation thereof that a reversal of the cause was rested. The defendant went to the home of his sister at Edgewater, near Birmingham, and obtained a job in the mines where he had previously worked. He was arrested while in bed at the home of his sister, and carried by two officers for incarceration in the Birmingham jail.

The evidence for the state was to the effect that at the time of the killing the defendant wore a brown suit of clothes and tan shoes. These were offered in evidence, and admitted by the defendant as his clothing and shoes, and worn by him on the Sunday of Mrs. Gafford's murder. The officers, on their way to Birmingham with the defendant, upon reaching Wylam, stopped at a pressing shop and got a pair of blue serge trousers belonging to the defendant. These trousers showed a torn place on the right knee, and defendant's knee also showed a bruise. The trousers were offered in evidence by the state, over the objection of the defendant, and to this action of the court he duly reserved exception. The defendant explained the question of these trousers and their torn condition at the knee by stating that on the day before he had borrowed a bicycle from a negro boy in that community, and while riding it had received a fall, resulting in the injury. It was not insisted by the state that these trousers bore any evidence of blood, or that they were worn by the defendant at the time of the murder, or had any connection with the crime whatsoever. They shed no more light upon any issue involved in the trial of this cause than any other article of wearing apparel owned by defendant, and we are of the opinion that therefore they were entirely irrelevant, and that their admission in evidence was error. A rather full discussion of the question here involved is found in Rollings v. State, 160 Ala. 82, 49 South. 329, wherein the court used the following language:

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"If such objects tend to corroborate or disprove, illustrate or elucidate, any other evidence, they are admissible, though such evidence may have a tendency to bias or prejudice the jury, or to elicit their sympathy for, or animosity toward, either the deceased or the accused. 7 Mayfield's Digest, p. 667; 5 Mayfield's Digest, p. 390. But in order for such objects to be admissible in any case, civil or criminal, they must have some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some other evidence offered or to be offered. They must have some tendency to shed light upon some material inquiry. Circumstances or facts, to be admissible in evidence, or relevant on a trial, must tend either to prove or disprove some matter in issue on the trial. It is the duty of the court to confine evidence to points in issue, in order that the attention of the jury may not be distracted from such matters in issue. The test of the relevancy of evidence in criminal cases is whether it conduces to the proof of a pertinent hypothesis—one which, if sustained, would logically influence an issue on trial."

In A. G. S. R. Co. v. Bell, 200 Ala. 562, 76 South. 920, this court held it was error to permit the plaintiff to introduce in evidence her cloak and shoes, as they had no bearing upon the controverted issues, and only tended to inflame or prejudice the jury. In L. & N. R. Co. v. Pearson, 97 Ala. 211, 12 South. 176, it was held error to admit in evidence the shoes of deceased, worn at the time of the accident, as the proof failed to show that they were in any wise relevant to any of the issues involved, but only served as an appeal to the feelings of the jurors.

Indeed, as we read the argument for the state, it is not seriously insisted that these trousers were admissible in evidence; but it is urged that their admission was without prejudice to the defendant. This is a question which must be determined by the facts and circumstances of each particular case, as no horizontal rule can be laid down which will be applicable to each occasion, for, as said by this court in Moulton v. State, 199 Ala. 411, 74 South. 454, quoting from Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543:

"Much will depend upon the issues, the parties, and the general atmosphere of the particular case."

In the Pearson Case, supra, speaking to the question here in hand, the court said:

"Human feelings are easily excited by the description of great bodily injuries, or ghastly wounds, or the exhibition of objects which appeal to the senses. Sympathy or indignation, once aroused, in the average juror readily becomes enlisted, to the prejudice of the person accused as the author of the injury."

The defendant is a negro, charged with the murder of a white woman, who met her death under circumstances most revolting. The body was brutally mutilated, and it is difficult to conceive of a more fiendish crime. The details of the crime were such as to arouse within the human breast the greatest indignation. As to whether or not the defendant had any participation in the commission of this murder was a very closely contested issue of fact. He offered proof as to his whereabouts during the entire period, and, as previously stated, the most damaging evidence against him was that of the little negro girl. The issues of fact were for the jury, and a discussion of the evidence is not here intended. Suffice it to say it requires no stretch of the imagination, upon a careful reading of this record, to show that the slightest circumstance or suspicion against defendant might determine the result and forfeit his life. The introduction of these trousers placed the burden upon defendant of explaining in detail in regard to the torn place upon the knee.

We are fully mindful of our responsibility, both to the state and the defendant; but upon a careful review of this record we are unwilling to say that this error was without prejudicial influence. Already the clothing worn by defendant on the day of the murder and the shoes were in evidence before the jury, and it appears upon motion for new trial that, during the closing argument for the state, counsel for the state, exhibiting the shoes to the jury, stated that the blood of Mrs. Gafford was on them. There was no objection to this argument at the time, but it forms a part of the motion for a new trial. There is nothing in this record indicating there was any blood on the shoes or the clothing, and it is not contended by the state such was a fact. A determination of the question presented upon this ground for a motion for new trial is not necessary, in view of the conclusion we have above reached, as such question will doubtless not recur; but we call attention thereto by way of condemnation thereof, and as disclosing that the articles offered in evidence were commented upon, and the jury's attention directed thereto, and as casting some light upon the question as to whether or not the error of the admission of the blue trousers was prejudicial.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.