## JOHNSON v. STATE.   (6 Div. 167.)

(Supreme Court of Alabama.   Jan. 28, 1925.)

1. Homicide ☞171 (3)—Proof as to wounds on one assaulted at same time as deceased, as result of conspiracy, held admissible.

Where evidence tended to show that deceased and another were assaulted at same time, as result of conspiracy between defendant and others, proof as to wounds upon such other was admissible.

2. Homicide ☞166 (10)—Evidence that deceased had money prior to homicide admissible, as tending to show robbery was motive.

Where evidence showed that pockets of deceased had been rifled, evidence that deceased had four $1 bills on his person prior to homicide. was admissible as tending to show that robbery was motive.

3. Criminal law ☞407 (1)—Evidence as to finding of bloody ax and exhibiting it to alleged coconspirator, who threatened witness, and that defendant was present and said nothing, held admissible.

Evidence that bloody ax was found on morning following homicide, on premises occupied by defendant, and that witness exhibited it to one alleged to be a coconspirator, and that such coconspirator threatened witness, all in presence of defendant. who said nothing. held admissible.

4. Criminal law ☞338 (6)—Admission of letter containing ex parte recommendations of state witness held reversible error.

In prosecution of negro for murder of a white man, where evidence was conflicting, and state's case rested chiefly on testimony of one witness, admission of an irrelevant letter written by another concerning such witness, and containing statement that witness was a "good girl" held reversible error.

5. Criminal law ☞723 (5)—In prosecution of negro, solicitor should refrain from argument tending to arouse race prejudice.

In prosecution of negro for murder of a white man, solicitor should refrain from remarks calculated to arouse race prejudice, or remarks as to local conditions not shown by proof or that could not properly be so shown.

Anderson, C. J., and Sayre and Miller, JJ., dissenting in part.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Peyton Johnson, alias Foots, was convicted of murder in the first degree, and he appeals. Reversed and remanded.

George Frey, of Birmingham, for appellant.

The acts or conduct of a confessive conspirator are not admissible against another after the accomplishment of the purpose. Lowman v. State, 161 Ala. 47, 50 So. 43; Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133; Everage v. State, 113 Ala. 102, 21 So. 404. Admission of the letter of the employer of state's witness to the judge of the municipal court constituted reversible error. Whatley v. State, 144 Ala. 68, 38 So. 1014. It is reversible error to permit counsel to state as facts matters that are not in evidence. Dollar v. State, 99 Ala. 236, 13 So. 575; Sullivan v. State, 66 Ala. 48; Anderson v. State, 104 Ala. 84, 16 So. 108.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The nature of the wounds found upon the deceased and the other assaulted person was properly admitted in evidence as a part of the res gestæ. Allison v. State, 1 Ala. App. 208, 55 So. 453. There was no error in admitting the letter with reference to state's witness Sanders. Hanners v. State, 147 Ala. 27, 41 So. 975; Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133; Walling v. State, 15 Ala. App. 275, 73 So. 216; Smith v. State, 13 Ala. App. 174, 69 So. 301. Rulings of the trial judge on objections to argument are not reviewable, in the absence of a motion to exclude. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 81, Ann. Cas. 1916A, 543; Jackson v. State, 11 Ala. App. 303, 66 So. 877; Montgomery v. State, 18 Ala. App. 213, 91 So. 631.

GARDNER, J. Appellant was convicted of murder in the first degree, and the death penalty imposed.

The deceased, a white man, on the evening of January 6, 1923, was found lying outside of the door of a negro woman's house located in the alley of Fifth avenue and Twenty-Third street, in the city of Birmingham, and the woman, known as Lillie Belle, who occupied the house, was about 50 feet away. Each had been assaulted over the head with some blunt instrument, and, apparently, at the same time.

[1-3] The evidence for the state tended to show that deceased and the woman were each assaulted at the same time, as the result of a conspiracy entered into between defendant and others, details of which are unnecessary to be here stated. Under the circumstances here shown there was no error in admitting proof as to the wounds upon the woman also. The evidence further tended to show the pockets of deceased had been rifled, and, as tending to show that robbery was a motive, the evidence of the state to the effect that deceased had four $1 bills on his person when he left home that afternoon, was admissible. The state offered proof of the finding of a bloody ax the morning following this murder on the premises, which were occupied by defendant and other negroes, among them Odell Jackson, whom the state contends was a coconspirator and one of the participants in the crime. The court admitted proof that this ax was exhibited to said Odell Jackson by Mary Frances Sanders, principal witness for the state, with the request that he remove it, and he threatened said witness if she ever said anything about it. All of this was in defendant's presence, and he said nothing. Under the circumstances here appearing, we are of the opinion the evidence was admissible. Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133.

[4] The chief witness for the state, and upon whose testimony the prosecution rests for defendant's conviction, was Mary Frances

Sanders, a negro woman who occupied a room in the house in which defendant also had a room. The defense rested upon proof of an alibi, to the effect that he was at work at a colored shoe shining shop, where he was regularly employed at the time of the commission of this crime. The defendant offered proof to the effect that this chief witness, Mary Frances Sanders, was in Texas at the time the crime was committed. In rebuttal the state offered the testimony of Mrs. O. H. Dowda, of Birmingham, whose evidence tended to show that said witness was working for her the first of the year 1923, and that she wrote a letter to the judge of the municipal court concerning witness, who was charged with vagrancy, and that the letter was dated January 20th. This letter, written by Mrs. Dowda to the municipal court judge, was then introduced in evidence, over defendant's timely objection, and to the action of the court in overruling said objection an exception was duly reserved.

The letter itself was clearly irrelevant to any issue in the case. It contained, among other things, the statement that the writer had "found her (speaking of this witness) to be a good girl," and thus containing an ex parte recommendation. The admissibility of this letter comes well within the condemnation of evidence of similar character, condemned in Whatley v. State, 144 Ala. 68, 39 So. 1014.

We are also persuaded this error was of such prejudicial character as to work a reversal of the cause. The defendant, a negro, is charged with the murder of a white man under most revolting circumstances, the details of which are calculated to arouse in the human breast great indignation. A verdict of guilt must rest upon the testimony of this witness. The question of his participation in the crime was a sharply contested issue of fact in the case. The letter contained the recommendation that, in the opinion of Mrs. Dowda, she was a "good girl"; and when the "general atmosphere" of the case is considered, we think the admission of this letter probably injuriously affected defendant's case. Crenshaw v. State, 207 Ala. 438, 93 So. 465; Moulton v. State, 199 Ala. 411, 74 So. 454.

Whether the questions raised as to the improper argument of the solicitor are properly presented, and, if so, whether meritorious, need not be considered, in view of the reversal of the case upon the ground indicated.

[5] It may not be amiss to suggest, however, that, particularly in trials of this character, the solicitor in argument should be careful to refrain from any remarks calculated to arouse race prejudice, or other remarks as to local conditions not shown by the proof, or that could not properly be so shown. Moulton v. State, supra; Dollar v. State, 99 Ala. 236, 13 So. 575; Smith v. State,

197 Ala. 201, 72 So. 316; Olden v. State, 176 Ala. 12, 58 So. 307.

What we have said herein should suffice for another trial of the cause. For the error mentioned, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur in result.

ANDERSON, C. J. I concur in the reversal of this case, but cannot concur in so much of the opinion as holds that the exhibition of the ax, and accusation by Mary Frances to Odell Jackson, in the presence of this defendant, who made no denial or response, were admissible in evidence. It was not a declaration or admission by silence of said Jackson in pursuance of a conspiracy, but related to an event after the commission of the offense, and was in no sense an accusation against this defendant, which called for a denial, and, in my opinion, should have been excluded upon proper objection and exception by this defendant, notwithstanding it was admissible upon the trial of Odell Jackson.

The case of Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133, cited in the opinion of the majority, involved an accusation by one of the defendants to all of the others, "that John and these boys got him to do it." This was, in effect, an accusation as to all of them, and called for a denial or repudiation.

Here there was no charge or accusation against this defendant which called for a denial.

Justices SAYRE and MILLER concur in the foregoing views.