(121 So. 718)
### HALL v. HALL. (2 Div. 945.)

Supreme Court of Alabama. April 11, 1929.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellant.

Pegram & Kimbrough, of Linden, and Frank Gordon, of Marion, for appellee.

GARDNER, J. The will of William R. Hall was offered for probate on May 23, 1928, by S. M. Hall, named as executor therein. The testator left as heirs two minor children under 14 years of age. Guardian ad litem was appointed for the minors on May 24, 1928. The petition for probate was set down for hearing in the probate court on June 11, 1928,

and notice to these minors ordered to issue, service to be had upon Mrs. Andy Welch, who had their care and custody, which was done on May 28th. The appointment of the guardian ad litem prior to service on the minors was premature and irregular, and subject to be annulled on direct attack (Herring v. Ricketts, 101 Ala. 340, 13 So. 502; Irwin v. Irwin, 57 Ala. 614), but this is not a matter of controlling importance on this appeal, and is noted as part of the history of the case.

■ On May 25, 1928, A. J. Welch was duly appointed by the said probate court the legal guardian for these minors, and on the same day one of the minors, Willie Mae Hall, acting through her said legal guardian, filed her contest of the probate of the purported will of her father, William R. Hall, upon the sole ground of mental incapacity.

Prior to the date of the hearing the proponent filed application for a transfer of the cause to the circuit court, which was done (section 10636, Code of 1923), and as part of his initial pleading proponent moved to strike from the file the contest instituted by the minor through her legal guardian. The insistence is based upon the provisions of section 10623, Code of 1923 (new to the present Code), as to the appointment of a guardian ad litem for interested minors in cases involving probate of wills, and the argument is advanced that such provisions exclude representation by legal guardians.

At common law infants were required to sue and defend by guardian. Hooks v. Smith, 18 Ala. 338, a rule recognized by sections 5686, 8256, 5688, 5689, 10638, 10639, of the Code of 1923. And in Jones v. Fellows, 58 Ala. 346, are the following expressions here pertinent: "No one, it is supposed, would so faithfully represent the ward as the regularly appointed and bonded guardian. * * * Generally speaking, he feels a higher degree of responsibility in protecting the rights and interests of the ward than the guardian ad litem appointed by the court, who seems usually to consider his duties as limited to a denial of all matters which may affect the rights of the ward, without resorting to any positive or active measures to secure them." To like effect is the language of Hatcher v. Dillard, 70 Ala. 343: "It is to be presumed the regularly appointed guardian would more carefully guard the interests of his ward than a guardian ad litem would."

In the light, therefore, of the common-law rule, given recognition in our statute and decisions, we entertain the view that by the provisions of section 10623, Code, supra, it was the legislative intent to insure representation of the minor in all events, but not as a displacement of the rights and duties of the legal guardian, when asserted in the ward's interest. There is a field for operation of these provisions without in any manner conflicting with the rights and duties of the duly appointed legal guardian. We conclude, therefore, that the legal guardian was within his rights in instituting the contest, and assignments of error resting upon a contrary insistence are without merit.

■■ The proponent was a distant relative of the deceased and the chief beneficiary under the will, and offered in evidence a paper, signed by himself, bearing date of July, 1928, and reciting the purpose of the will was the gift of the property to said proponent in trust for the benefit of the two minor children of the testator, and not for his own personal profit or gain. This paper was but an ex parte statement of proponent, and there was no error in its exclusion. Johnson v. State, 212 Ala. 464, 102 So. 897; Whatley v. State, 144 Ala. 68, 39 So. 1014. Nor was there error in declining to permit proponent to show that he was in good financial condition.

The sole ground of contest was mental unsoundness of the testator, and we do not think this proffered evidence was relevant to that issue. The cases of Raney v. Raney, 216 Ala. 30, 112 So. 313, and Gaither v. Phillips, 199 Ala. 689, 75 So. 295, involved the questions of fraud and undue influence, and the financial condition of those, the natural objects of the testator's bounty, was held admissible; but these cases are readily distinguishable from the instant case.

■■ Contestant offered proof of many non-expert witnesses, and one expert witness as to testator's mental condition. The evidence tended to show a permanent unsoundness of mind, growing worse with the advancing years; the physician pronouncing him a paranoiac and permanently so afflicted. Indeed, the jury was authorized to consider the language found in the will as tending in some degree to support the theory of mental unsoundness.

The case was one so clearly for the jury's determination that we do not consider the refusal of the affirmative charge requested for proponent as calling for discussion. So, likewise, the denial of the motion for a new trial, upon the ground the verdict was contrary to the preponderance of the evidence, needs no separate treatment, further than to say there was no error in its denial.

No error appearing, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.