# Rollings *v.* The State.

## *Manslaughter.*

(Decided April 13, 1909.   49 South. 329.)

1. *Jury; Competency; Challenge for Cause.*—A juror who has such a fixed opinion as to the guilt or innocence of the accused that it would bias his verdict, is subject to challenge for cause either by the state or the defendant.

2. *Homicide; Evidence; Arms Carried.*—It is competent to prove, in a prosecution for homicide, that accused had a pistol prior to the killing, since it tended to show preparation for the crime.

3. *Same; Evidence; Self Defense.*—It is admissible, in a prosecution for homicide, the accused having testified that the deceased was attempting to draw a pistol at the time he shot deceased, and that deceased had saddle bags with him at the time, to introduce evidence showing that several hours prior to the killing, deceased had no pistol, and that he was unarmed at the time of the killing, and that he did not have saddle bags with him at the time he was killed, and that he was not in the habit of carrying them, since such evidence tended to disprove the self defense set up by the defendant.

4. *Same.*—Where the wife of the accused is not a witness, the state may not prove her general character or her character in other respects, in order to show the relation between the decedent and the wife of the accused, since these relations can be shown only by direct testimony.

5. *Same; Apparel Worn by Deceased.*—Where the corpus delicti was admitted and there was no issue as to the identity of either the deceased or accused, the keys, rings, tobacco or suspenders that were on or about the deceased at the time of the killing, and which bore no marks of bullets or blood stains, are not admissible in evidence, the effect being to unduly prejudice the jury.

6. *Same; Attending Funeral.*—It is immaterial in a prosecution for homicide as to who attended the funeral of deceased.

7. *Same.*—Evidence is admissible to show flight by the accused after the commission of the crime, in a prosecution for .homicide; and in this connection it is competent to prove the direction of his flight, his mode of travel, the places to which he went, and those he avoided, and his conduct and demeanor while he was fleeing soon after the killing; but the fact that the captain of the steamboat in which he traveled was related to him was inadmissible, but its admission was harmless.

8. *Same; Circumstances Preceding Act; Procuring of Weapon.*—It is permissible to show how and when the defendant obtained the pistol with which the killing was done.

9. *Same; Condition of Defendant's Wife.*—Although the fact of the separation of the defendant and his wife, the pendency of the divorce

[Rollings v. The State.]

proceedings between them, and the relation of the deceased to these matters may be proper evidence in a prosecution for homicide, evidence as to the genealogy of the defendant's wife, the pecuniary condition of her family, the fact that her brother had no home, that her father was dead, and as to the merits of the divorce proceedings. between her and defendant are not admissible.

10. *Witnesses; Examination.*—A witness may not be asked if his memory at this trial as to the facts about which he is testifying was any better than it was as to these matters on the preliminary trial; such questions being merely an argument with the witness.

11. *Same; Impeachment; Former Conviction; Defendant.*—Where defendant makes himself a witness, it is competent as affecting his credibility, to show that he has been convicted of manslaughter, and record evidence of this may be presented, although the defendant admits the conviction in his testimony.

12. *Trial; Presentation of Evidence; Limiting Effect.*—Where the state is permitted to show that a defendant has been convicted of manslaughter on a former trial, the defendant is entitled to have, if requested, a charge limiting the evidence to the purpose of affecting the credibility of the defendant as a witness, since such evidence is not admissible to show guilt.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

John Rollings was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

JOHN A. LUSK, for appellant. The court erred in allowing the state to challenge the juror Chandler for cause.—*Brown's Case,* 52 Ala. 345; *Martin v. The State,* 144 Ala. 8. The fact that the defendant had a pistol concealed about his person is immaterial, as it was not near enough to the difficulty.—*Morris v. The State,* 39 South. 608. The state has a right to show that the deceased was not armed at the time of the difficulty, but it cannot show that at other times and places he was not armed.—4 Elliott on Evi. Sec. 3040. The question to Murray Hall as to the saddle bags should have been granted.—Authority next above. The rulings as to the character of Annie Rollins constituted error.—1 Elliott on Evi., secs. 167, 168; 4 Id. sec. 3043; Starkey on Evi. p. 617. As to the question of exhibiting clothes, articles, trinkets, etc., see—97 Ala. 211; 112 Ala. 1; 117 Ala. 56;

170 U. S. 481; 141 Ala. 45. The question as to the witness' memory should have been allowed.—*Central of Ga. Ry. Co. v. Edmonds*, 135 Ala. 236. Any intimation from a judge that has a tendency to create in the minds of the jury a prejudice against either side is erroneous.—*Furham v. Mayor of Huntsville*, 54 Ala. 263; *McIntosh v. The State*, 140 Ala. 137; *Hare v. Little*, 28 Ala. 236; 79 Mich. 203; 67 Mich. 59. The state should not have been permitted to prove that the defendant had committed an offense against another person.—1 Greenl. 14; 4 Elliott, 3039; 38 Mich. 732; 158 Mo. 589; 49 Tex. Crim. Rep. 457. This can only go to his credibility.—Sec. 4008, Code 1907.

ALEXANDER M. GARBER, Attorney General, THOMAS W. MARTIN, Assistant Attorney General, and STREET & ISBELL, for the State. The court committed no error in reference to the jurors. The witness Ball answered in the negative as to the defendant's pistol.—*Thompson v. The State*, 100 Ala. 70; *Brock v. The State*, 39 South. 580. The court did not err in reference to the evidence of the clothing, etc.—*Gregory v. The State*, 148 Ala. 566. The defendant's conviction of manslaughter was properly shown.—Sec. 4008, Code 1907; *Gordon v. The State*, 140 Ala. 29. The court properly refused the charges requested.—*Mitchell v. The State*, 133 Ala. 65; *Harrison v. The State*, 144 Ala. 20. Counsel discuss other assignments of error seriatim but without citation of authority.

MAYFIELD, J.—Accused was indicted for murder, and was convicted of manslaughter in the first degree, from which judgment of conviction he appeals. There was no question or dispute that defendant killed the deceased, intentionally, by shooting him with a gun and a

pistol. There was no question as to the identity of the accused nor as to that of the deceased. The sole dispute was whether or not defendant acted in self-defense. If he did not, the only question for the jury was the degree of the crime and of the punishment to be inflicted. ·

The jurors challenged by the state were subject to the challenge for cause—made so by the statute—and there can be no error in allowing the challenge by the state or by the accused. It was made to clearly appear that the jurors challenged had a fixed opinion as to the guilt or innocence of the accused, which would bias their verdict. They should have been challenged by one or the other of the parties.

It was clearly competent to show that defendant had a pistol prior to the killing. It might tend to show preparation for the crime, and was admissible for this purpose, if for no other. It was also proper to allow the state to prove that, several hours prior to the killing, deceased had no pistol. The accused relied upon self-defense, and his evidence was to the effect that deceased was attempting to draw a pistol, with which to shoot accused, at the time the fatal shots were fired. Therefore that deceased, several hours before the encounter, had no pistol, was a circumstance legitimate to disprove the only defense attempted. Its tendency may have been very slight, but, no matter how slight, it was competent for this purpose. The state had a right to show that deceased was unarmed at the time of the killing, and to show that he did not have the saddlebags with him at the time he was killed, as claimed by the accused, and also that he was not in the habit of carrying them, as was claimed and attempted to be proven by the accused. All this evidence had a tendency to disprove the only defense attempted to be set up.—*Wiley's Case,* 99 Ala. 146, 13 South. 424; *Naugher v. State,* 116 Ala. 466, 23 South. 26.

The character of the wife of the defendant was wholly irrelevant and immaterial on this trial, as a substantive fact. Evidence of improper relations between her and deceased might be relevant to show malice or motive, on the part of the accused, or have a tendency to show who provoked or brought on the difficulty, and proof of this improper relation would, of course, be evidence of bad character; but the improper relations cannot be proven by evidence of her bad character. The state should not have been allowed, over the objections of the accused, to prove the general character of his wife or her character for chastity. She was not a witness, and could not be a witness for or against him. Proof of her bad character could not go to the credibility of the defendant or his other witnesses, nor is he criminally or civilly liable for her character as to chastity. Her chastity of itself would not justify him in killing the deceased, nor would her unchastity make him guilty when, but for it, he would be innocent. The character of the wife cannot be made a direct subject of inquiry, on a trial of the husband for crime, when she is not a witness and not interested in, nor in any manner connected with, the prosecution or defense. It was not a subject of inquiry in this case, except in so far as it was involved by showing improper relations between her and deceased, and these relations could not be shown by proof of her character. We know of no authority for allowing proof of the good or bad character of a third party or stranger to a suit, when not a witness.—1 Elliott on Evi. 168.

The clothing of deceased, as well as that of the accaused, letters found on the body of deceased, the instruments causing the death, photographs of the deceased and accused, maps and plats of the scene of the crime, pieces of cloth, buttons, gun wadding found near the scene of the crime, bullets cut from house and trees near

[Rollings v. The State.]

such scene, blood stains, etc., are usually held admissible on trials of homicide. There are only a very few cases in which they have been excluded, when offered as evidence for the inspection of the jury, if tending to elucidate the transactions, to identify any of the parties, to connect the accused with the crime, or to show the character of the wound, motive or intent of the killing, or degree of the crime—whether the killing was in self-defense or not. If such objects tend to corroborate or disprove, illustrate or elucidate, any other evidence, they are admissible though such evidence may have a tendency to bias or prejudice the jury, or to elicit their sympathy for, or animosity toward, either the deceased or the accused.—7 Mayfield's Dig. p. 667; 5 Mayfield's Dig. p. 390. But in order for such objects to be admissible in any case, civil or criminal, they must have some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some other evidence offered or to be offered. They must have some tendency to shed light upon some material inquiry. Circumstances or facts, to be admissible in evidence, or relevant on a trial, must tend either to prove or disprove some matter in issue on the trial. It is the duty of the court to confine evidence to points in issue, in order that the attention of the jury may not be distracted from such matters in issue. The test of the relevancy of evidence in criminal cases is whether it conduces to the proof of a pertinent hypothesis—one which, if sustained, would logically influence an issue on trial.—*Whittaker v. State,* 106 Ala. 30, 17 South. 456; *Curtis v. State,* 118 Ala. 125, 24 South. 111; *McCormick v. State,* 102 Ala. 161, 15 South, 438; *Campbell's Case,* 23 Ala. 44; *Gassenheimer's Case,* 52 Ala. 313.

The wearing apparel of deceased, showing the location of the bullets, the character and nature of the

[Rollings v. The State.]

wound, the blood stains, etc., were properly admissible under the rules stated above, and it is no reason to exclude them that these matters might be shown by other evidence, or that these objects might prejudice the jurors. Being admissible, they should not be excluded for these or any other reasons. But we are unable to conceive of any relevancy that the saddle of the deceased, which he was riding when killed, could have to any issue in this case. What relevancy could the suspenders he was wearing at the time, or the tobacco, keys, or ring, found on his person, have to any issue on trial? They bore no marks of bullets, no blood stains, and afforded no evidence of any violence. They had no tendency to show how, by whom, or in what manner, deceased was killed, or whether he was killed or not; and no other facts, singly or collectively, tended to make them relevant for this or any other purpose. The corpus delicti was admitted. There was no issue as to the identity of deceased or that of accused. They did not, singly or collectively, tend to prove or disprove self-defense—the only disputed issue. The only effect of introducing them in evidence was to unduly prejudice the views of the jury—to arouse their sympathy for deceased and to prejudice them against the accused. The court should have excluded all such articles, as having no tendency to prove or disprove any issue on trial. As said by this court in *Pearson's Case*, 97 Ala. 219, 12 South. 180; "Sympathy or indignation once aroused in the average juror readily becomes enlisted to the prejudice of the person accused as the author of the injury. Human feelings are easily excited by the * * * exhibition of objects which appeal to the senses." In that case a shoe only, which was worn by deceased when he was killed, was allowed in evidence, and it was a civil action; and yet it was held reversible error, for that reason. In *Robin-*

*son's Case,* 108 Ala. 14, 18 South. 732, which was a trial
for murder, a letter from the pocket of the deceased was
held not to be admissible because it could shed no light
on the transaction. In that case the evidence is explain-
ed, and the reasons are assigned why it was not admissi-
ble, and circumstances given under which it might have
been admissible. There are cases where all the articles
offered in this case might have been admissible, but this
particular case does not fall within such class.

The court very properly declined to allow counsel for
defendant to ask the witness Stephens if his memory
then, as to the facts to which he was testifying, was any
better than it was, as to matters on the preliminary trial.
This was calculated and intended as a mere argument
with the witness. It was likewise wholly irrelevant
whether Pick Roden was at the funeral. The court very
properly declined to allow proof as to this.

It was proper to allow proof of flight by defendant,
soon after the killing, and to do this it was proper
to prove the direction of his flight, the mode of his travel,
the places to which he went and those he avoided, in
fact, to prove his conduct and demeanor soon after the
killing and while fleeing; but we are unable to see what
relevancy the fact that the captain of the steamboat was
related to defendant could have on any issue. It was
clearly inadmissible, but we cannot discern any possible
injury or good to come of it.

It might be very important to know how and when the
defendant obtained the pistol with which he shot de-
ceased; and the court properly allowed proof of that
fact.

It was wholly irrelavant and inadmissible to allow the
state to prove the genealogy of the wife of the defendant,
the pecuniary condition of her family, that her brother
had no home, that her father was dead, etc. This was

highly improper. Such matters could only unduly and improperly elicit sympathy for the wife, and for the deceased, who seems to have supported her and lived with her and to have had improper relations with her.

The character and the pecuniary condition of the wife, and the merits of the divorce proceedings between her and her husband, should not have been gone into. This trial was not the proper time or place to inquire into these matters, which were wholly "res inter alios acta." The facts of the separation of the husband and wife, the pendency of divorce proceedings, the relation of the deceased to these matters, might be proper; but it was not proper to go into the details and the merits of these controversies.

It was competent for the state to prove that the defendant had been convicted of manslaughter. He made himself a witness, and this evidence was therefore admissible, to go to his credibility, and the fact that he, as a witness, admitted the conviction and sentence, did not prevent or preclude the state from proving it by record evidence; but this evidence went to his credibility only as a witness, and should have been so limited by the court, on request of the defendant. It was not admissible for the purpose of showing that, because he was guilty of manslaughter for killing Manning, he was also guilty of manslaughter in killing Roden, the deceased, for which he was then on trial.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.