(110 So. 812)

**BOYETTE v. STATE.   (6 Div. 648.)**

(Supreme Court of Alabama.   Dec. 16, 1926. Rehearing Denied Jan. 20, 1927.)

**1. Criminal law ⬦376—Evidence of defendant's general character should be confined to time of and anterior to offense.**

When defendant's general character is put in issue, evidence should be confined to time of and anterior to alleged offense for which he is being tried.

**2. Witnesses ⬦333—Character evidence for impeachment of witness may include all time anterior to his testimony.**

Character evidence to discredit a witness may include all time anterior to that of his testimony.

**3. Criminal law ⬦673(3)—Where defendant did not put general character in issue, failure to limit character evidence to impeachment of credibility was error.**

Where defendant did not put his general character in issue, state had no right to do so except as affecting his credibility as a witness, and court erred in not limiting character evidence to this purpose.

**4. Criminal law ⬦404(4)—Where location and character of wounds of deceased was not disputed, his bloody clothing was improperly admitted.**

Bloody clothing of deceased was improperly admitted in evidence, where there was no dispute as to location of wounds or their character on or about his head.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Howard Boyette was convicted of murder in the second degree, and he appeals. Reversed and remanded.

E. B. Fite and Mitchell & Ford, all of Hamilton, for appellant.

Evidence of character must be confined to the time and anterior to the alleged commission of the offense for which the defendant is being tried. White v. State, 111 Ala. 92, 21 So. 330; McGuire v. State, 2 Ala. App. 131, 57 So. 51; Griffith v. State, 90 Ala. 583, 8 So. 812; Brown v. State, 46 Ala. 175; Smith v. State, 118 Ala. 117, 24 So. 55; Gordon v. State, 140 Ala. 29, 36 So. 1009; Robinson v. State, 5 Ala. App. 45, 59 So. 321. The clothing worn by the deceased should never be offered or received in evidence, unless it has some tendency to shed some light upon some material inquiry. Husch v. State, 211 Ala. 274, 100 So. 321; Rollings v. State, 160 Ala. 82, 49 So. 329; Louisville & N. R. Co. v. Pearson, 97 Ala. 219, 12 So. 176; A. G. S. v. Bell, 200 Ala. 562, 76 So. 920; Kuykendall v. Edmondson, 200 Ala. 650, 77 So. 24; Sanders v. State, 202 Ala. 37, 79 So. 375; Terry v. State, 203 Ala. 99, 82 So. 113; Crenshaw v. State, 207 Ala. 438, 93 So. 465; Puckett v. State, 213 Ala. 383, 105 So. 211.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Whenever the garments worn by the deceased at the time of the homicide tend to shed light on any material inquiry in the case, they are admissible. Their condition in this case bore upon the contention of defendant. Puckett v. State, 213 Ala. 383, 105 So. 211. There was no error in admitting evidence of the character of defendant, but, if so, it was cured by the charge of the court limiting it to defendant's trustworthiness and credibility as a witness.

ANDERSON, C. J. [1-3] As a rule, when a defendant's general character is put in issue, the evidence should be confined to the time of and anterior to the alleged commission of the offense to which he was being tried. White v. State, 111 Ala. 92, 21 So. 330. When, however, character evidence is offered to discredit a witness who has testified, it can include all time anterior to the time said witness testifies. The defendant did not put his general character in issue, and the state had no right to do so except so far as it may have affected his credibility as a witness, and the trial court erred in not limiting the character evidence to this purpose over the repeated objections and requests of the defendant. Nor was this evidence limited by the oral charge of the court to this purpose, if such could suffice, which we need not decide. On the other hand, most of the answers of the witness went to the general bad character of the defendant and not whether or not he was worthy of belief.

[4] The trial court should not have permitted the introduction of the clothing of the deceased, as it shed no light whatever upon any material inquiry in the case, and

was but the presentation of an unsightly spectacle calculated to prejudice the jury. There was no dispute as to the location of the wounds or the character of same on or about the head, and the bloody clothing of the deceased shed no light upon any controverted fact. The clothes worn by the deceased should never be offered in evidence unless they "have some tendency to shed light upon some material inquiry." Louisville & N. R. Co. v. Pearson, 97 Ala. 219, 12 So. 176; A. G. S. R. R. v. Bell, 200 Ala. 562, 76 So. 920; Rollings v. State, 160 Ala. 82, 49 So. 329; Crenshaw v. State, 207 Ala. 438, 93 So. 465.

The trial court committed no reversible error as to any of the other rulings.

For the errors above indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.