(111 So. 760)

### SIKES et al. v. STATE. (4 Div. 199.)

(Court of Appeals of Alabama. March 22, 1927.)

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellants.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

RICE, J. Appellant Will Sikes was the town marshal of Petrey, Ala., and Jadie Sikes was his son. In an altercation alleged by appellants to have grown out of the effort of Will Sikes, aided by his son Jadie, acting at his father's request, to arrest one Mike Bush for the violation of one of the town of Petrey's ordinances, the said Mike Bush was killed. There was no dispute as to the appellants having fired a number of pistol shots at and into the body of deceased. They were indicted and tried jointly for murder in the first degree, convicted of murder in the second degree, and given a sentence, each, of ten years in the penitentiary.

As said recently by the Supreme Court:

"The trial court should not have permitted the introduction of the clothing of the deceased, as it shed no light whatever upon any material inquiry in the case, and was but the presentation of an unsightly spectacle calculated to prejudice the jury [italics ours]." Boyette v. State, 215 Ala. 472, 110 So. 812, and authorities therein cited.

In this case there was no dispute as to the location of the wounds or the character of same, and the clothing of the deceased shed no light upon any controverted fact. This being true, the admission in evidence of the said clothing, over appellants' timely objection, was, under the decision of the Supreme Court just cited, which this court is required by statute to follow, prejudicial error, and must cause the judgment to be reversed.

In the event of another trial we might observe that appellants, upon redirect examination of their character witnesses, who had been cross-examined as to specific reports touching their character, should be allowed

to bring out all that said witness heard on the occasion of and in connection with said report.

For the error pointed out above, the judgment is reversed and the cause remanded.

Reversed and remanded.