### HYCHE v. STATE.   (6 Div. 32.)

Supreme Court of Alabama.   Nov. 3, 1927.

Rehearing Denied Jan. 12, 1928.

Criminal law ⬦404(4)—Bloodstained perforated clothing held admissible at murder trial to corroborate evidence of wounds causing death, notwithstanding evidence of wounds was without conflict.

Bloodstained and perforated clothing *held* admissible at murder trial to corroborate evidence of buckshot wounds causing deceased's death, notwithstanding that evidence as to number and location of wounds was without conflict, and that the admission of the clothing tended to excite prejudice or enlist sympathy of jury.

Certiorari to Court of Appeals.

Lee Hyche was convicted of murder in the second degree, and he appealed to the Court of Appeals. The judgment of conviction was affirmed (113 So. 644), and defendant brings a petition for certiorari to review and revise the judgment of the Court of Appeals. Writ denied.

L. D. Gray, of Jasper, for petitioner.

The bloody clothes of a person killed or injured should not be introduced in evidence except where it is necessary to clear up or shed light on a controverted fact. Boyette v. State, 215 Ala. 472, 110 So. 812; L. & N. R. Co. v. Pearson, 97 Ala. 219, 12 So. 176; A. G. S. R. Co. v. Bell, 200 Ala. 562, 76 So. 920; Rollings v. State, 160 Ala. 82, 49 So. 329; Crenshaw v. State, 207 Ala. 438, 93 So. 465; Sikes v. State (Ala. App.) 111 So. 760.

Charlie C. McCall, Atty. Gen., opposed.

Brief did not reach the Reporter.

BROWN, J.   Conceding the contention of the petitioner, that the evidence was without conflict as to the number and location of the gunshot wounds on the body of the deceased, caused by the two loads of buckshot fired at him by the defendant, this did not render inadmissible the bloodstained articles of clothing put in evidence by the state over petitioner's objection.   These articles were *shown to have been perforated by the buck-*

*shot that caused deceased's death,* and the fact that this evidence tended to excite prejudice or enlist sympathy on the part of the jury was not a ground for its exclusion.   It tended to corroborate, illustrate, and elucidate the other testimony offered by the state touching these questions, and this was enough to justify its admission. Rollings v. State, 160 Ala. 82, 49 So. 329.

We are of opinion that the Court of Appeals has properly differentiated the case at bar from the case of Boyette v. State, 215 Ala. 472, 110 So. 812, and other cases of like import, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.