(132 So. 711)

## WEEMS v. STATE.

### 6 Div. 754.

Supreme Court of Alabama.

Dec. 11, 1930.

Rehearing Denied Jan. 29, 1931.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., and Chas. R. Wiggins and L. D. Gray, both of Jasper, for the petition.

J. B. Powell, of Jasper, opposed.

**FOSTER, J.**

Defendant's witness Springfield was present at the time of the difficulty and had ridden with defendant to the place where it occurred, and testified as to its details. It was therefore proper to inquire of him as to his condition of intoxication on that occasion; and as tending to show his condition in that respect, it was proper to ask him if he and defendant had been drinking together all that day, and if he did not take a drink in the barber shop just before he left. Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215. An affirmative answer would therefore be material. And a negative answer would be without prejudice. There is no occasion for defendant to complain if a question is answered favorably to him.

The court overruled defendant's objection to the question propounded by the state's counsel to him on cross-examination, asking if he did not go into Winn's store and buy some cartridges for this pistol. The testimony given on such cross-examination to the effect that he had cartridges when he went to the store and might have bought some, but could not say, and did not come out of the store loading his pistol, and did not load it after he came out of the store, but had the pistol when he went to the store, was not offensive to the rule which allows a thorough sifting cross-examination. Code, § 7731. We do not think that there was reversible error in overruling the objection to the question under such circumstances.

After defendant had testified that he was beaten by deceased on the head and had shown scars on his face and behind his ear, the court overruled objection to the question to him by the state, if they were not "put there by numerous fights you have had down there in that community." Our judgment is that there was no error in this respect whether the answer was in the affirmative or negative, and not if there was no answer. If he had answered in the affirmative, we see no reason why it would not have been admissible on the effect of the scars as evidence; if he made no answer or if in the negative, it would be without prejudice. This was on cross-examination pertaining to a matter about which defendant had testified. We think that the proper interpretation of the question was to inquire if the scars were not occasioned by numerous fights rather than by deceased.

In the case of Hyche v. State, 22 Ala. App. 176, 113 So. 644, the Court of Appeals differentiated the facts from those pointed out in Boyette v. State, 215 Ala. 472, 110 So. 812, pertaining to the admissibility of clothes worn by deceased at the time he was killed. This distinction was approved by this court on certiorari (Hyche v. State, 217 Ala. 114, 114 So. 906). If the clothes do not show the location of the shot which killed him or illustrate the nature of the occurrence or some fact material to the issue, they are said not to be admissible. In the Boyette Case they did not show any such conditions. In that case, deceased was shot in the head, and the clothes therefore had no bullet holes, or other marks, except blood stains. In the Hyche Case, the clothes did show the location of the bullet hole, and were held to be properly admitted as shedding light upon the character and location of the wound on the body, though it was merely cumulative evidence, and there was no dispute. It was a circumstance, material, if cumulative. The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error. It is our judgment that there was no reversible error in admitting the shirt in evidence, on account of the matters discussed in the opinion of the Court of Appeals.

The conclusion reached therefore is that the case should not be reversed on account of the matters treated by the Court of Appeals. The writ is therefore awarded and the judgment

348

of that court reversed, and the cause is remanded to it for further consideration.

Writ awarded. Reversed and remanded.

All the Justices concur.