(135 So. 438)

**WALKER v. STATE.**

8 Div. 245.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 25, 1931.

O. Kyle, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**FOSTER, J.**

The report of this case on former appeal states its nature, and the facts are very much as they appeared on that appeal. Walker v. State, 220 Ala. 544, 126 So. 848. This court then held that there was error in refusing charge 4. On the next trial, that charge was given marked charge L.

Appellant claims that his refused charge 4 (different from that numbered 4 on former appeal) should also have been given. As pointed out on former appeal, this court has frequently followed the statement in Matthews v. State, 192 Ala. 1, 68 So. 334, defining the exception to the general rule as to the duty to retreat and there restated it. Given charge L on this appeal and refused charge 4 on former appeal are in the language of that exception. The authorities on the subject are noted in that opinion. Refused charge 4 on this appeal emphasizes the principle that an apparent necessity to shoot, when properly hypothesized, is equal to a real necessity, but it omits direct reference to any duty to retreat.

The court in its oral charge properly and fully instructed the jury on those two principles included in the doctrine of self-defense. When the issue is in the case, the jury should be and were on this trial instructed on the law of retreat in this connection. In one respect, as in given charge L, they were instructed when as a matter of law the duty of retreat is excused. There are of course other circumstances which excuse retreat, not as a matter of law, but when the jury infers from sufficient evidence that defendant is justified in the belief and does believe that he cannot retreat without increasing his peril. The court also covered this aspect of the law.

It is contended that refused charge 4 should have been given, though it did not expressly hypothesize an absence of the duty of retreat as an inference of fact nor hypothesize facts which relieve the defendant of such duty as a matter of law. As an abstract proposition, it may be admitted that the charge does not assert an unsound principle when fully understood. For it will be noted that it is hypothesized on the necessity to shoot to protect himself, and, therefore, there can be no such necessity if there is apparent to him an opportunity to retreat without increasing his safety. An allegation of such necessity is inferentially an exclusion of a duty to retreat. Gibson v. State, 89 Ala. 121, 8 So. 98,

18 Am. St. Rep. 96; Holmes v. State, 100 Ala. 80, 84, 14 So. 864; Underwood v. State, 179 Ala. 9, 19, 60 So. 842.

Charges of the nature, if not in the identical language of this charge 4, have been considered by this court in several cases. In the case of Goodwin v. State, 102 Ala. 87, 99, 100, 15 So. 571, though the meaning of necessity as implying an exclusion of an opportunity to retreat is noted, it is said that it should not be given except when the evidence shows that there was no such duty to retreat. Goldsmith v. State, 105 Ala. 8, 13, 16 So. 933. See, also, Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509. In Webb v. State, 100 Ala. 47, 14 So. 865, 867, the court said the charge is faulty, "in that it ignored altogether the duty of retreat," and cited Keith v. State, 97 Ala. 32, 11 So. 914, and the Gibson and Holmes Cases, supra. In the Keith Case the charge was said to state the law correctly.

Going back to our statement made above that when properly considered it does not in fact ignore the doctrine of retreat, it does not expressly refer to it, and therefore may be refused without error, as having a misleading tendency when the circumstances make the duty of retreat a question for the jury to be ascertained from the evidence and especially when the court has otherwise instructed the jury on the several matters embraced in the charge.

In this case, the questions referred to in the charge were for decision by the jury from the evidence, including the duty to retreat, and the court fully and correctly instructed the jury as to that duty. There is therefore no reversible error in refusing charge numbered 4.

There was no reversible error in refusing charge E. The defendant had the benefit of the legal doctrine of a want of necessity to retreat in his given charge L. Defendant may be at fault in bringing on the difficulty, though his words were neither offensive nor wrongful. Scoggins v. State, 120 Ala. 369, 25 So. 180; Madison v. State, 196 Ala. 590, 71 So. 706.

The general rule is that, in the absence of counsel, the judge should not instruct the jury after they have retired, even at their request, nor receive their verdict, in a civil or criminal case, unless proper diligence be used to have them present. Kuhl v. Long, 102 Ala. 563, 15 So. 267; Feibelman v. Manchester, 108 Ala. 181, 19 So. 540; Simmons v. State, 129 Ala. 41, 29 So. 929; Pettus v. L. & N. R. R. Co., 214 Ala. 187, 106 So. 807; Whitehurst v. State, 3 Ala. App. 88, 57 So. 1026; Harwell v. State, 11 Ala. App. 188, 65 So. 702; McNeil v. State, 47 Ala. 498.

With respect to the instructions given the jury in the absence of defendant's coun-

sel, the record shows that the jury voluntarily returned into court for further instructions. Thereupon the court directed the deputy sheriff to call defendant's counsel. He reported that he was unable to locate counsel. The extent of his effort to do so is not shown. In order to reverse the judgment in this respect, it is not our duty to presume that the effort thus made was not done with proper diligence, when its nature is not shown. The instruction which the court then gave the jury was merely a repetition of the substance of what he had said to which no exception had been taken; and to the effect that, though the indictment charged murder in the first degree, by reason of a previous trial, the only inquiry for the jury on this trial related to murder in the second degree and manslaughter in the first degree. There was no prejudice to defendant in thus repeating his instructions. In connection with the reception of the verdict, the record shows that this occurred at a quarter after seven at night in June; that, when the jury indicated that they were ready to report, the judge told the deputy sheriff to notify counsel for defendant; that the latter undertook to telephone to the office of counsel, but received no response. Complaint is made that no effort was made to telephone to his home. In order to put the court in error in not having a more diligent search made extending to his home, we must assume that at that hour in the summer he was at home and accessible to the call. The record does not show that such was the fact, nor where defendant's counsel could have been found at that hour, whatever diligence had been used. The duty is upon appellant affirmatively to show error by the failure to use diligence which would have been effective. We can only look to the record and not to briefs to ascertain the facts. It does not show that in leaving the courthouse counsel advised the officers how he could be found if a verdict is reached. We are not persuaded that error appears in this respect.

There was evidence that defendant fired a pistol twice at close range to deceased, and that one shot struck him on the left side of his head about the cheek bone, went through his head and came out on the right side of his neck below his right ear. It does not appear that the other shot struck deceased. The hat, which the evidence shows he wore, had a hole in the brim on the right side, but not elsewhere. There was no evidence of blood or other gruesome suggestions manifested by the appearance of the hat. We have said, if the clothes do not show the location of the shot which killed deceased, nor illustrate the nature of the occurrence or some fact material to the issue, they are not usually admissible, and under some circumstances may be prejudicial to defendant. Hyche v. State, 217 Ala. 114, 114 So. 906; Id., 22 Ala. App. 176, 113 So. 644; Boyette v. State, 215 Ala. 472, 110 So. 812; Weems·v. State (Ala. Sup.) 132 So. 711.[1] There was evidence that the hole in the brim was not in it before the difficulty, but was there just afterwards. Its existence was a circumstance of more or less value, in an effort to draw proper inferences from conflicting evidence as to the details of the occurrence and to ascertain what may have been the truth in connection with the other alleged shot which did not strike deceased. It is therefore distinguishable from the Boyette Case, supra.

There were other exceptions noted in the record, but we are not impressed with them nor that they need discussion. Especially is this true respecting the contention that as a matter of law the evidence showed a reasonable doubt, and that on that issue the verdict was contrary to the evidence. The credibility and weight of the evidence is for the jury, and we find nothing in this case to show that they did not fairly consider the evidence and the claims of appellant in this respect. We are not willing to disturb the ruling of the court on the motion for a new trial based upon that ground.

We have examined the entire record, and do not find reversible error. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

