# Bert McKee v. The State.

No. 18846.   Delivered March 3, 1937.

**68**

The opinion states the case.

*Chas. W. Hackett,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony in this case, briefly stated, shows that appellant's car collided with a truck driven by C. C. Browning upon which Ludie Johnson, John Sloan, and others were riding; that as a result of the collision the truck turned over and Johnson and Sloan were killed and the other parties injured. Browning testified that he was driving south on the right-hand side of highway number forty-seven; that when he was near the intersection of the Texarkana-Shreveport road and highway forty-seven he saw an automobile approaching the highway from the west; that he turned his truck to the left-hand side of the highway to avoid a collision, but the automobile came across the highway and collided with his truck with the result heretofore stated. Two officers, who appeared on the scene of the accident soon after it occurred, testified that appellant was drunk; that they smelled whisky on his breath; that his eyes were glassy and his tongue thick; that they found a small bottle with some whisky in it under the cushion or seat of appellant's car. Appellant testified in his own behalf that he was not under the influence of intoxicating liquor and stated that as he was approaching highway number forty-seven from the west at an angle less than a right angle, he noticed the truck coming down the highway at a high rate of speed; that when one of the front wheels of his car reached a point about five or six inches on the concrete of said highway, he stopped his automobile, but the oncoming truck which was running from side to side struck the front wheel and bumper of his automobile which resulted in the overturning of the truck. A number of people who were at the scene of the collision soon after it occurred testified that in their opinion the appellant was not drunk or under the influence of intoxicating liquor.

By bill of exception number one appellant complains because the court permitted the State to prove that as a result of the collision an object was forced into Browning's leg and Smith's mind was affected by the injuries he received in said collision. His contention was that the testimony was irrelevant, inflammatory, and not res gestae inasmuch as he was

charged with the murder of Johnson and Sloan and not with injuring Smith and Browning; that whatever the result of the collision may have been upon the person of Browning and Sloan, it did not tend to prove the murder of Johnson and Sloan or elucidate any issue. We think that appellant's position is well taken. The injury to Smith and Browning did not tend to establish appellant's intoxication, the cause of the collision, or the death of the two negroes who were killed as a result of the accident. The exhibition by Browning of his wounds to the jury did not elucidate any controverted fact and could only tend to inflame the minds of the jury to the injury of appellant.

Appellant next complains because the court declined to sustain his motion to quash the special venire on the ground that the venire was not summoned by the officers in person, but by a postal card; that only sixteen of the forty veniremen appeared in response to said summons. The court qualified said bill and in his qualification states that before the selection of the jury began every venireman except those who had a legal exemption from jury service including several who had moved from the county appeared for service. Under such a state of facts in the absence of any showing of injury, no reversible error is shown. See Walker v. State, 104 Texas Crim. Rep., 207; Brown v. State, 222 S. W., 252.

By bill of exception number three appellant complains of the court's refusal to submit his special requested instruction number 1A. This charge as worded was an instruction on the weight of the testimony and therefore the court's refusal to submit the same was not error.

By bill of exception number five appellant complains of the court's action in refusing to submit to the jury his special requested instruction number six which reads as follows:

"If you believe from the evidence that the truck driven by C. C. Browning, on which the deceased were riding was caused by the said C. C. Browning to run into or collide with the automobile being driven by the defendant, Bert McKee, you will find the defendant not guilty; or if you have a reasonable doubt as to whether or not the truck being driven by the said C. C. Browning was caused to run into or collide with the car being driven by the defendant, Bert McKee, you will find the defendant not guilty of murder and so say by your verdict."

We think that appellant was entitled to said instruction or one of like import. Appellant testified that Browning was running his truck at a high rate of speed; that it ran from one

side of the road to the other and struck the bumper and front wheel of his (appellant's) car after he had stopped and when only one front wheel had entered upon the highway. This constituted his defensive theory and he was entitled to have said theory submitted to the jury in an affirmative manner. The accused is entitled to a distinct and an affirmative, not merely an implied and negative, presentation of the issues arising from his evidence to prevent the jury from ignoring his defenses and to conduct them to a proper verdict if they find his evidence to be true. See Reynolds v. State, 8 Texas Crim. Rep., 412; Moore v. State, 59 Texas Crim. Rep., 361; Evans v. State, 55 Texas Crim. Rep., 450.

On the question of appellant being under the influence of intoxicating liquor at the time of the collision, the testimony is conflicting. It seems to be sufficient to support the finding that appellant was then under the influence of intoxicating liquor.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.