32 So.2d 233

**STALLINGS v. STATE.**

4 Div. 402.

Supreme Court of Alabama.

June 27, 1946.

Rehearing Denied Aug. 6, 1946.

See also post, p. 580, 32 So.2d 236.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the petition.

D. M. Powell and Powell & Hamilton, all of Greenville, and Richard T. Rives and Hill, Hill, Whiting & Rives, all of Montgomery, opposed.

LAWSON, Justice.

Guy Stallings was convicted of murder in the second degree. On appeal to the Court of Appeals the judgment of the trial court was affirmed. 32 So.2d 227. However, on rehearing that court set aside its judgment of affirmance and entered a judgment reversing and remanding the cause.

Certiorari was awarded by this court on petition filed by the State to review the opinion of the Court of Appeals rendered on rehearing. Supreme Court Rule 44, as amended November 21, 1942, Code 1940, Tit. 7 Appendix.

It is clear from the opinion of the Court of Appeals that that court concluded that the defendant's motion for a new trial should have been granted. But as to the reason why it was so concluded the opinion is not clear. As we understand the opinion, the reason for such conclusion must be ascertained from the first and last paragraphs of the opinion. The first paragraph is as follows: "Upon further consideration of all

the facts in this case, and also the unusual and prejudicial manner in which the prosecution was conducted, we have reached the conclusion, and so hold, that error prevailed in the action of the court in overruling and denying defendant's motion for a new trial." The last paragraph reads as follows: "Without prolonging this discussion, we reiterate, from the facts of this case and the conduct of the trial aforesaid, we are clear to the conclusion that error prevailed in the action of the court in overruling and denying defendant's motion for a new trial."

Among the statutory grounds for a new trial provided by § 276, Title 7, Code of 1940, are the following: "Irregularity in the proceedings of the court, jury, or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial" and "that the verdict or decision is not sustained by the great preponderance of the evidence, or is contrary to law."

■ If the paragraphs of the opinion of the Court of Appeals quoted above are to be construed as a finding by that court that the verdict was not sustained by the great preponderance of the evidence we cannot, under the uniform decisions of this court, review or revise such finding. Rainey v. State, 245 Ala. 458, 17 So.2d 687. But we do not believe that the language therein contained can be reasonably so construed. It is true that in the case of Hale v. Layer, 22 So.2d 349,[1] this court refused to review a finding by the Court of Appeals where it held that "the preponderance of the evidence weighs so heavily against the verdict that the motion for a new trial should have been granted." The language used by the Court of Appeals in that case, while not directly in accord with that used in § 276, Title 7, Code of 1940, supra, clearly demonstrated the reason why the court thought the motion for a new trial should have been granted. In answering the argument of the petitioner that the Court of Appeals, in using the language quoted above, applied an erroneous rule, this court said: "The statute, section 276, Title 7 Code 1940, has a somewhat different language. It uses the words when 'the verdict or decision is not sustained by the great preponderance of the evidence, or is contrary to law.' That is also the way it was expressed in the Code of 1923, section 9518. The particular language used in the statute and in the opinions of the court need not be literally followed. This Court has not given controlling importance to terminology in that respect. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95, 96."

The case of Furst et al. v. Shows, 217 Ala. 297, 116 So. 149, 151, relied upon by counsel for defendant, sheds no light on the present case. The last paragraph of that opinion is indeed couched in general terms and does not reflect the ground or grounds which the court thought entitled the plaintiffs to a new trial. It reads: "Upon the whole case we are of opinion that plaintiffs' motion for a new trial should have been granted, and, because that motion was overruled, the judgment is reversed and the cause remanded for another trial." But a considerable discussion of the evidence is set out in the opinion, which contains the following language: "The record in this case has had due consideration, and we are constrained to hold that the verdict should have been set aside on plaintiffs' motion to that end on the ground that it was *contrary to the great weight of the evidence.*" (Emphasis supplied) An examination of the original record in that case discloses that only one motion was filed by plaintiffs and that was the motion to set aside the verdict and grant a new trial.

In the instant case we are not merely confronted with the question of the use by the Court of Appeals of terminology different from that used in the statute and in the opinions, but are here concerned with the necessity of determining whether or not the language used by that court evidences an intent to hold in effect that the verdict was not sustained by the great preponderance of the evidence. As above stated, we do not think the language used by the Court of Appeals can reasonably be said to disclose such an intent.

---

[1] 247 Ala. 10.

We are of the opinion that the reasonable construction to be placed on the first and last paragraphs of the opinion of the Court of Appeals is that the court concluded that in view of all the facts in the case the defendant did not have a fair trial or that the verdict failed to do justice, and that one of the dominating factors which influenced the court in reaching such a conclusion was that the prosecution was conducted in an unusual and prejudicial manner.

The opinion of the Court of Appeals shows that the principal reason why it concluded that the prosecution was conducted in an unusual and prejudicial manner was the testimony of the State witness, Dr. C. J. Rehling, who testified as an expert about matters "which related solely to an undisputed fact, and about which there was no controversy."

While the rule has been frequently referred to by this court that, upon certiorari to the Court of Appeals to review its rulings, this court will not review the facts for the purpose of revising the application of same to the law by the Court of Appeals (Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Ex parte Savannah Williams, 182 Ala. 34, 62 So. 63), this court, however, will review the rulings of the Court of Appeals to ascertain if it has correctly determined legal conclusions from facts found by it to exist in the record, or has misapplied the rule to such facts. Lancaster v. State, 214 Ala. 2, 106 So. 617; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Fairbanks Morse & Co. v. Dees et al., 220 Ala. 41, 126 So. 624; Home Ins. Co. v. Petitt, 225 Ala. 487, 143 So. 839.

The opinion of the Court of Appeals sets out the material portion of the testimony of State witness Rehling, but does not purport to set out all of the testimony in the case. Hence the finding by the Court of Appeals that the testimony of Dr. Rehling, including that set out in the opinion, "related solely to an undisputed fact, and about which there was no controversy," is not subject to review by this court.

As we understand the opinion of the Court of Appeals, that court's objection to the testimony of Dr. Rehling is based solely on the fact that he testified as an expert as to matters about which there was no dispute. That Dr. Rehling was properly qualified to testify as an expert is not questioned nor is the relevance or materiality of his testimony challenged.

We are called upon, therefore, to pass upon this question: Is the Court of Appeals correct in holding that the trial was conducted in an unusual and prejudicial manner because the State was permitted to introduce in evidence expert testimony of a cumulative nature or as to facts admitted?

In the case of Weems v. State, 222 Ala. 346, 132 So. 711, 713, this court held: "The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error." In Grissett v. State, 241 Ala. 343, 2 So.2d 399, it was held that evidence which is relevant is admissible, however gruesome and prejudicial it may be. In the case of Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, certiorari denied 243 Ala. 671, 11 So.2d 568, the Court of Appeals followed the decisions of this court in the cases of Weems v. State, supra, and Grissett v. State, supra, in holding as follows:

"The witness, Brooks, was also shown to have had extensive experience as a photographer, in taking and developing pictures (photographs). He made some pictures at the funeral parlor the next day of that portion of the deceased's body where the bullet wounds appeared. These photographs tended to corroborate and elucidate his oral testimony regarding the wounds. He testified that these pictures accurately portrayed the wounds on the body. Their admission in evidence was proper.

"If the photographs had a reasonable tendency to prove or disprove some material fact in issue, or shed some light upon some material inquiry, they were admissible even though they also might have tended to inflame the minds of the jury. Grissett v. State, 241 Ala. 343, 345, 2 So.2d 399; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 227, 128 So. 389; Sanders

v. State, 202 Ala. 37, 79 So. 375; Lundy v. State, 17 Ala.App. 454, 85 So. 819, certiorari denied 204 Ala. 492, 85 So. 821; Commonwealth v. Sydolsky, 305 Pa. 406(3), 158 A. 154; State v. Holt, 47 Nev. 233, 219 P. 557(4).

"The same principle governs the introduction of clothes worn by the deceased when killed. Grissett case, supra.

"If such proffered evidence (clothing or photographs) shows the location of the bullet holes, it is held to be relevant 'as shedding light upon the character and location of the wound(s) on the body, though it was merely cumulative evidence, and there was no dispute. It was a circumstance, material, if cumulative. The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error.' Weems v. State, 222 Ala. 346, 347, 132 So. 711, 713; Hyche v. State, 22 Ala. App. 176, 113 So. 644, certiorari denied 217 Ala. 114, 114 So. 906; Pierce v. State, 28 Ala.App. 40, 178 So. 248.

"Under the rule of the foregoing authorities, then, the photographs were relevant and, even though portraying a gruesome spectacle, were admissible."—Wilson v. State, supra, pages 24-25 of 31 Ala.App., 11 So.2d 565.

In view of the foregoing authorities, we are of the opinion that the Court of Appeals erred in holding that the testimony of Dr. Rehling was prejudicial to the defendant because of its cumulative nature. The construction which we have placed on the first and last paragraphs of the opinion of the Court of Appeals, as before stated, is that the defendant did not have a fair trial or that the verdict failed to do justice, and that one of the principal factors which influenced the court in reaching that conclusion was that the prosecution was conducted in an unusual and prejudicial manner because of the introduction by the State of the testimony of Dr. Rehling. Since we do not agree with the Court of Appeals as to the prejudicial nature of the testimony of Dr. Rehling, we are of the opinion that the judgment of the Court of Appeals should be reversed and the cause remanded to that court for further consideration in view of the conclusion which we have reached as to the testimony of State witness, Dr. C. J. Rehling.

The judgment of the Court of Appeals is reversed and the cause remanded to that court.

Reversed and remanded.

All the Justices concur.