**BURDETT v. HIPP.**

6 Div. 766.

Supreme Court of Alabama.

March 17, 1949.

P. A. Nash and L. P. Waid, Jr., both of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

LAWSON, Justice.

This is an action for assault and battery alleged to have been committed by the defendant, Hipp, on the plaintiff, Burdett. There was a verdict in favor of defendant. Judgment was in accord with the verdict. Plaintiff's motion for new trial having been overruled, he has appealed to this court.

The cause went to the jury on two counts of the complaint and the defendant's plea of the general issue. It is undisputed in the evidence that plaintiff received a knife wound during the afternoon of September 30, 1945. Plaintiff testified that he was cut by defendant during an argument growing out of a poker game in which he, the defendant, and several others were engaged. Defendant denied that he inflicted the injury and gave testimony tending to show that plaintiff accidentally cut himself when he fell on his open knife while pursuing one Aldridge, who had fled from the poker game with plaintiff's money. In this defendant was corroborated by the testimony of several other persons who had been in the poker game. There is evidence to the effect that plaintiff, defendant, and the others who were in the game had been drinking.

A physician who attended plaintiff testified in detail as to the nature, location, and appearance of the cut on plaintiff's body. Plaintiff was permitted to exhibit the place of injury to the jury. It is without dispute that plaintiff was cut or stabbed by a sharp instrument on his left side just below his ribs. The end of the lower rib was severed. The wound was about an inch and a half long and penetrated to the stomach and intestines. An operation was performed.

The trial court refused to permit plaintiff to introduce underwear, a shirt, and a pair of overalls which were identified as having been worn by him at the time he was injured. Of necessity these articles of clothing were cut. This fact seems to be admitted in brief of counsel for appellee. Appellant insists that this action of the court requires a reversal of this case.

It is well established that clothing is admissible if it tends to elucidate the transaction, to identify any of the parties, to connect the accused with the crime, to show the character of the wound, or to show motive or intent. If it tends to corroborate or disprove, illustrate or elucidate any other evidence, it is admissible, though it may have a tendency to bias or prejudice the jury, and to elicit their sympathy for, or animosity toward, either the deceased or the accused. Northern Ala. Ry. Co. v. Mansell, Adm'r, 138 Ala. 548, 36 So. 459; Rollings v. State, 160 Ala. 82, 49 So. 329; Husch v. State, 211 Ala. 274, 100 So. 321; Hyche v. State, 217 Ala. 114, 114 So. 906; Shamberger v. State, 221 Ala. 538, 130 So. 70; Gholston v. State, 221 Ala. 556, 130 So. 69; Weems v. State, 222 Ala. 346, 132 So. 711; Walker v. State, 223 Ala. 294, 135 So. 438; Peters v. State, 240 Ala. 531, 200 So. 404; Floyd v. State, 245 Ala. 646, 18 So.2d 392; Smith v. State, 248 Ala. 363, 27 So.2d 495; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

It is now settled by our cases that it is not reversible error to admit clothing which sheds light on some material issue, although it is in the nature of cumulative evidence. Hyche v. State, supra; Weems v. State, supra; Smith v. State, supra; Stallings v. State, 249 Ala. 1, 32 So.2d 233. The cases of Louisville & N. R. R. Co. v. Pearson, 97 Ala. 211, 12 So. 176; Alabama Great Southern R. Co. v. Bell, 200 Ala. 562, 76 So. 920; and Boyette v. State, 215 Ala. 472, 110 So. 812, have been construed as not holding to the contrary. Terry v. State, 203 Ala. 99, 82 So. 113; Hyche v. State, supra; Weems v. State, supra.

We think the clothing should have been admitted in evidence. But it is clear that its only effect would have been to

show facts which were otherwise proved without dispute. In view of the testimony of plaintiff and his physician as to the nature, location and character of the cut on plaintiff's body, we cannot say that the error of the court in refusing to permit the introduction of the clothes should work a reversal of this cause, for under the pleadings and evidence of this case the only bearing which the clothes could have had on the material issues involved would have been to corroborate and perhaps illustrate the other evidence as to the nature, location and size of the wound. After a careful examination of the entire cause, we cannot say that the error here complained of has probably injuriously affected the substantial rights of the plaintiff, appellant. Supreme Court Rule 45 Code 1940, Tit. 7 Appendix; Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920; Turbeville v. Mobile Light & R. Co., 221 Ala. 91, 127 So. 519.

On cross-examination of the defendant, counsel for plaintiff propounded the following question: "Isn't it a fact that you have deeded off all your land to your kinfolks without consideration since this suit was filed." Defendant's objection was sustained and plaintiff excepted.

The appellate courts of this state are committed to the principle that evidence of the financial standing of a defendant is not generally admissible in cases of this kind. Ware v. Cartledge, 24 Ala. 622, 60 Am.Dec. 489; Southern Car & Foundry Co. v. Adams, 131 Ala. 147, 3 So. 503; Long v. Seigel, 177 Ala. 338, 58 So. 380; Donaldson v. Roberson, 15 Ala.App. 354, 73 So. 223.

While an affirmative answer to the question here under consideration would have shown defendant's holdings at the time of the trial were less than at the time he is alleged to have committed the assault and battery upon plaintiff, we do not think the rule of the cases just above cited controls as to the action of the trial court in sustaining defendant's objection to the question. We think it clear that the purpose of this question was to show consciousness on the part of the defendant that he was legally liable for damages as a result of an assault and battery upon the plaintiff.

No case from this jurisdiction has been cited to us on this point and none has been disclosed by our research. However, the weight of authority is that evidence such as was sought to be elicited by the question here involved is admissible on the ground that such evidence tends to show a consciousness of liability.

Chaufty v. De Vries, 41 R.I. 1, 102 A. 612; Carlin v. Toste, R.I., 149 A. 584; Harrod v. Bisson, 48 Ind.App. 549, 93 N.E. 1093; Myers v. Moore, 3 Ind.App. 226, 28 N.E. 724; Heneky v. Smith, 10 Or. 349, 45 Am.Rep. 143; Mattechek v. Pugh, 153 Or. 1, 55 P.2d 730, 168 A.L.R. 725; Harmon v. Haas, 61 N.D. 772, 241 N.W. 70, 80 A.L.R. 1131; Klein v. Pasch et al., 153 Minn. 291, 190 N.W. 338; Goelitz v. Lathrop, 286 Ill.App. 248, 3 N.E.2d 305; Credit Service Corp. v. Barker, 308 Mass. 476, 33 N.E.2d 293; Cusick v. Miller, 102 Kan. 663, 171 P. 599, L.R.A.1918D, 1086; Pelkey v. Hodgdon, 102 Me. 426, 67 A. 218; 20 Am.Jur. 477, § 533; 31 C.J.S., Evidence, § 291, p. 1053-1054.

We are in accord with the rule of the cases above cited and hold, therefore, that the trial court erred in sustaining objection to the question propounded to defendant on cross-examination as to whether or not since the filing of this suit he had conveyed all his land to his "kinsfolks" without consideration.

Plaintiff's refused charges 1 and 2 were substantially covered by the court's oral charge and, therefore, their refusal does not constitute reversible error. § 273, Title 7, Code 1940; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667.

Nor do we think that the plaintiff can complain of the action of the trial court in refusing to give requested charge 11 in the form in which it was drawn. The same rule of law stated, or attempted to be stated, in this charge was substantially and fairly given to the jury in the court's oral charge.

**40**

For the error pointed out, the judgment of the trial court is reversed.

Reversed and remanded.

BROWN, FOSTER and STAKELY, JJ., concur.